1pi 707
2pi 663

## LEE v. CHERRY.

### (*Jackson.* May 4th, 1887.)

1. STATUTE OF FRAUDS. *Contract for sale of lands.* "*Memorandum or note thereof.*" *Letters.*

Letters from a principal to his agent for the sale of land, afford a "memorandum or note" of a contract of sale effected through the agent, sufficient under the statute of frauds, where the letters refer to and connect with each other, and, taken as a whole, show clearly the fact and terms of such sale, and a sufficient description of the land.

Case cited and approved: Blair *v.* Snodgrass, 1 Sneed, 26.

(See Code, § 2423 (M. & V.) ; § 1758 (T. & S.)

2. SAME. *Same. Same.* "*Party to be charged.*" *Parol acceptance.*

In contracts for the sale of lands, the *vendor* is " the party to be charged therewith," and required by the statute of frauds to sign the agreement "in writing" or "some memorandum or note thereof;" and *oral* acceptance by the purchaser of the vendor's *written* contract is sufficient, and may be proved by parol evidence.

Cases cited and approved: Whitby *v.* Whitby, 4 Sneed, 473 ; Frazier *v.* Ford, 2 Head, 463.

(See Code, § 2423 (M. & V.) ; § 1758 (T. & S.)

3. SAME. *Same. Same. Name of purchaser.* "*Mr. Lee.*" *Latent ambiguity.*

That the purchaser named in the written contract or memorandum for the sale of land, is described by the designation of " Mr. Lee " does not render the contract void for uncertainty. It is at most but a latent ambiguity in the writing, and may be removed by parol evidence.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. W. McDOWELL, Ch.

Bill for the specific performance of a contract for sale of land. Defense: That the contract was void under the statute of frauds for want of a sufficient "agreement" or "memorandum or note thereof" in writing. Decree for defendant. Appeal by complainant.

Estes & Wariner for Lee.

Gantt & Patterson for Cherry.

Lurton, J. This is a bill for the specific performance of a contract for the sale of a lot in the city of Memphis. The only question necessary to consider is as to whether the sale is sufficiently evidenced by a writing to take it without the statute of frauds.

It is not essential that the contract of sale shall be in writing, provided there is produced a writing containing the terms of the oral contract, and authenticated by the signature of the party to be charged. The language of the fourth section of the statute is: "Unless the agreement upon which such action shall be brought, or *some memorandum or note thereof*, shall be in writing and signed by the party to be charged therewith, or some person thereunto by him lawfully authorized." The "memorandum or note thereof" relied upon in this case is found in letters passing between the vendor and his agent at Memphis, by which it is clearly shown that the defendant authorized the sale of

the lot by his agent for $6,000—one-third cash, balance in one and two years, with interest. After some negotiations between the agent and the complainant, it is shown by one of the letters of the agent to the defendant that he had contracted for the sale of the lot to "Mr. Lee" upon the terms demanded by the owner. Some dispute afterward arose between the vendor and his agent as to the commission of the latter, the vendor insisting that he must have $6,000 *net*. The latter concludes a letter to his agent, insisting upon $6,000 net, with the agreement, "If you want it at that price, send me deed and I will sign and return to you." This dispute about commission was finally settled by the vendor agreeing to pay $125 in full and the agreement of the agent to accept this. A deed was drawn up by the vendee and forwarded by the agent to the defendant, along with an abstract of taxes due on the lot, which were to be paid by the vendor. These taxes proving heavier than anticipated, the vendor peremptorily declined to sign the deed, and withdrew the lot from the market.

The letters passing between Mr. Bacon, the agent, and Mr. Cherry, the vendor, refer to and connect with each other, and contain all the terms of the sale and a sufficient description of the property. These letters of the vendor to his agent, stating a proposal of sale, and affirming the sale made by his agent on the terms named by himself, are a sufficient memorandum under the statute of frauds.

Browne on Stat. Frauds, Section 354*a; Blair* v. *Snodgrass*, 1 Sneed, 26.

The party to be charged therewith under the statute is the vendor; and if the agreement be signed by him, or there be a sufficient memorandum of an oral agreement signed by him, he will be bound, for an offer or proposal signed by the party proposing to sell will support an action against him for breach of the contract afterward made by the oral acceptance of the offer by him to whom it was made, the fact of such acceptance being provable by oral evidence. Browne on Stat. Frauds, Section 345*a; Whitby* v. *Whitby*, 4 Sneed, 473; *Frazier* v. *Ford*, 2 Head, 463.

The objection that the sale is reported by the agent in his correspondence as having been made to "Mr. Lee," and that this is not a sufficient description of the vendee, is not tenable. This at most is but a latent ambiguity in the writing, and may be removed by parol evidence. Wharton on Evidence, Sections 953, 949. It would be quite as uncertain as to who was the vendee if the sale had been made to John Smith, for parol evidence as to which John Smith was the purchaser would be equally necessary. Any doubt on this matter was, however, removed by the forwarding to the vendor, before his refusal to execute his agreement, of a deed for his signature. This deed is referred to in the letters both of the agent and vendor, and became thereby a part of the "memorandum."

The objection that this agreement ought not to

Lee *v.* Cherry.

be enforced by reason of collusion between the vendee and the agent of the vendor is unsupported by the facts. Mr. Lee was a stranger to the agent until the day of the purchase, and in no way implicated in any breach of duty which might be attributed to Mr. Bacon, the agent. With regard, however, to Mr. Bacon's conduct in this matter we are unable to discover any delinquency upon his part toward Mr. Cherry. The suspicion upon the part of Mr. Cherry that he had been induced by his agent to offer this property at a sum much below its value, though evidently entertained sincerely by him, does not seem founded in fact. The sale, by the great weight of proof, was for the full value of the lot at that time, and was as good a price as could have been obtained.

A decree in accordance with prayer of bill will be drawn. The decree of the Chancellor reversed. The costs of the cause will be paid by defendant.