## BUTLER *v.* KINZIE & FRANKLIN.

### (*Nashville.* February 21, 1891.)

1. CHANCERY PRACTICE. *Effect of pro confesso as to one partner, where the other defends successfully.*

   In suit upon a firm note, one partner suffered decree *pro confesso*, while the other successfully defended by answer upon grounds that were good as to both.

   *Held:* The defense inured to the benefit of both partners and defeated recovery as to both, notwithstanding the decree *pro confesso*.

   Cases cited and approved: Petty *v.* Hannum, 2 Hum., 102; Hennessee *v.* Ford, 8 Hum., 500; Cherry *v.* Clements, 10 Hum., 552; McDaniel *v.* Goodall, 2 Cold., 395; Caldwell *v.* McFarland, 11 Lea, 467; Phillips *v.* Hollister, 2 Cold., 271; Smith *v.* Cunningham, 2 Tenn. Ch., 573.

2. APPEAL. *What is brought up for review.*

   In suit upon firm note the complainant obtained decree against one partner, but failed as to the other. The complainant took a broad appeal from this decree.

   *Held:* The entire case was brought up, and the unsuccessful defendant is entitled to hearing and relief in this Court upon complainant's appeal.

---

### FROM WARREN.

---

Appeal from Chancery Court of Warren County. W. S. BEARDEN, Ch.

MURRAY & SPURLOCK for Butler.

CARMACK & WOODARD and LAMB & TILLMAN for Franklin.

T. C. LIND for Nicholson.

TURNEY, Ch. J. The facts leave no doubt of a deliberate and long considered purpose on the part of Complainant Butler and Defendant Kinzie to perpetrate a gross fraud on Dr. Franklin and Mrs. Nicholson.

Mrs. Nicholson answered the bill, fully setting out the facts of the fraud, and proved them clearly and definitely. Whereupon, the Chancellor relieved her of all liability on the note sued on. Franklin did not answer, and *pro confesso* was had as to him, upon which a decree was rendered for the amount of the notes—about $7,000 and interest.

Complainants prayed and obtained a broad appeal.

The only question to be considered is whether the *pro confesso* as to Franklin precludes this Court from rendering such decree as to him as the facts warrant and truth demands.

Franklin and Mrs. Nicholson entered into the copartnership under precisely the same circumstances and identically the same representations.

If we relieve Mrs. Nicholson, and hold Franklin responsible, we have the strange irregularity of not only granting directly opposite and irreconcil-

able relief upon the same facts, but also of relieving one innocent partner at the expense of another, without the right of contribution on the part of the one as against the other.

If Franklin can be lawfully held on these partnership notes, it would seem that he would be entitled to have Mrs. Nicholson account to him as a partner for her share of the loss.

As a rule a *pro confesso* will estop a party from resisting liability when the facts charged make a case against him. This occurs when the parties go to trial upon the bill and *pro confesso* without more. But when for any cause the complainant is put to the proof of his case; when, as here, his facts are denied and fraud pleaded and proved as to every allegation, such rule does not obtain. The one answer put complainants on the proof of their bill; they failed. They must recover according to their allegations, or not at all. When they charge that Franklin and Mrs. Nicholson did certain things as partners for certain purposes, and the allegation is denied and overturned, they can recover against neither. The defense of Mrs. Nicholson went to the entire bill; her proof defeated the entire bill. Her release operated to release Franklin, as the facts as to one were the facts as to the other. Her comprehensive and minute denial required complainants to prove each allegation, in which they have signally failed. No case is made against either, and therefore no recovery can be had against either. We repeat that when

3—6 P

Butler *v.* Kinzie & Franklin.

the complainant is required to make out his case by proof, he must do so in every particular as to each party sought to be recovered against, if his suit is of a character that necessarily involves the several defendants in the facts which must bind or relieve all. Here it is impossible to distinguish the facts of Mrs. Nicholson's case from the facts controlling the relation of Franklin to the notes' sued on, of which neither had knowledge until the institution of this suit.

If a *pro confesso* is to operate as an estoppel at all times and under all circumstances without qualification, then the Courts must sit like fangless lions while fraud and falsehood prowl within their precincts and defiantly taunt their helplessness to uphold the majesty and power of the law to do right and justice.

Technicalities should never be employed as shields for wrong, but only for the protection of merit. When they present themselves as barriers to justice, Courts should, without hesitation, cut through them to the right, that the ends and purposes of equity and good conscience may be attained and served.

The bill is dismissed as to Franklin and Nicholson. Complainants and securities will pay all costs.

The cause is remanded that the account asked for between Butler and Kinsie may be had.

Judge Snodgrass does not concur.

I heartily concur in the decision, on the ground that Mrs. Nicholson and Dr. Franklin were jointly interested as partners in the subject-matter of the litigation, and that her defense, which destroyed all equity of the bill as against each of them, should inure to his benefit. It is clear to my mind that the legal effect of her successful defense upon the merits of the case is to defeat the bill as to both of them, notwithstanding the *pro con-confesso* against him.	*Clason* v. *Morris*, 10 Johnson, 524; *Petty* v. *Hannum*, 2 Hum., 102; *Hennessee* v. *Ford*, 8 Hum., 500; *Cherry* v. *Clements*, 10 Hum., 552; *McDaniel* v. *Goodall*, 2 Cold., 395; *Caldwell & Hays* v. *McFarland*, 11 Lea, 467; *Smith* v. *Cunningham*, 2 Tenn. Ch., 573; *Phillips* v. *Hollister*, 2 Cold., 271. The last case illustrates the difference between the rule when the two defendants are jointly interested and when their rights are distinct.	CALDWELL, J.

J. M. Dickinson, Special Judge, concurs with Judge Caldwell.

Judge Lurton did not participate in the decision of this case.