# W. C. WATTS *v.* MRS. ELIZABETH WARNER *et al.**

## (*Nashville.* December Term, 1924.)

1. FRAUDS, STATUTE OF. Insufficient description cf property in contract to lease held not completed by reference to another instrument for different purpose.

   Where description of property in contract to lease was insufficient to comply with statute of frauds in that it gave only street and number, omitting city and State, reference to present recorded lease containing sufficient description, for purpose merely of fixing beginning of term of proposed lease, *held* not to complete description under rule that reference must be for purpose of completing description. (*Post, p.* 423.)

2 FRAUDS, STATUTE OF. Description of property in lease or deed may be by reference for that purpose to other instrument.

   To comply with statute of frauds it is unnecessary that description of property leased or conveyed be contained in lease or deed if that instrument refers for identification of property to other instrument containing sufficient description. (*Post, pp.* 423-425.)

   Cases cited and approved: Byrd v. Phillips, 120 Tenn., 14; Harriman Land Co. v. Hilton, 121 Tenn., 308.

   Case cited and distinguished: Gibbs v. Thompson, 26 Tenn., 179.

3. APPEAL AND ERROR. Defense by one defendant going to whole cause of action renders consideration of defenses of others immaterial. ·

   In suit for breach of contract to lease combined with suit, under Acts 1907, chapter 154, for having induced breach, where both defendants by demurrer set up statute of frauds, and latter set up unconstitutionality of aforesaid act, first defendant's plea of statute of frauds being sustained, defenses of other defendant became immaterial and unnecessary to consider, defense being one going to whole cause of action. (*Post, pp.* 425, 426.)

   Acts cited and construed: Acts 1907, ch. 154.

Watts v. Warner.

Cases cited and approved: Lumber Co. v. Blanks, 118 Tenn., 627; Dunscomb v. Wallace, 105 Tenn., 385; Butler v. Kinzie & Franklin, 90 Tenn., 31; Smith v. Cunningham, 2 Tenn., Ch., 565.

*Headnotes 1. Frauds, Statute of, 27 C. J., Sections 309, 324; 2. Frauds, Statute of, 27 C. J., Section 309; 3. Appeal and Error, 4 C. J., Section 2541.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—Hon. John R. Aust, Chancellor.

M. S. Ross and Chas. G. Blackard, for W. C. Watts.

Thos. H. Malone and Walter Stokes, for Mrs. Warner.

Mr. Chief Justice Green delivered the opinion of the Court.

On July 24, 1920, complainant, Watts, entered into a lease contract with defendant Mrs. Elizabeth Warner for Nashville property, referred to as No. 113 Woodland street, for a term of five years beginning January 1, 1921. In this contract Mrs. Warner also made an agreement with reference to the lease of adjoining property as follows:

"I also agree and bind myself to rent, or lease, to said W. C. Watts the east side of this storehouse No. 1115 Woodland street, now occupied by Piggly-Wiggly, commencing at the expiration of the present lease, for a term of two years, with the privilege or refusal of five more at the rate of $35 per month."

Later Mrs. Warner refused to carry out the agreement with respect to the lease of the property No. 1115 Woodland street to the complainant, but leased. it again to defendant Piggly-Wiggly Stores, Inc. The bill herein was filed to recover damages from Mrs. Warner for her breach of the contract with reference to No. 1115 Woodland street, and Piggly-Wiggly Stores, Inc., was also sued for damages for having induced Mrs. Warner to breach said contract. Both defendants filed demurrers. Each by demurrer pleaded the statute of frauds, and Piggly-Wiggly Stores, Inc., also set up that chapter 154 of the Acts of 1907, upon which statute it supposed the bill predicated so far as it was concerned, was unconstitutional and void. The chancellor sustained the demurrers of both defendants, dismissed the bill, and the complainant has appealed.

We think it plain that Mrs. Warner's plea of the statute of frauds was good. It is conceded by the complainant that the description of the property as No. 1115 Woodland street, now occupied by Piggly-Wiggly Stores, Inc., without indicating the city or State of its location, was ineffectual. It is urged, however, that the language just following "'commencing at the expiration of the present lease for a term of two years'" makes the description good. It is said that there was an existing, recorded lease with Piggly-Wiggly Stores, Inc., which lease contained a proper description of No. 1115 Woodland street, and that the contract before us made apt reference to this existing lease and incorporated the description contained in said existing lease.

It is not necessary, in order to comply with the statute of frauds, that the description of property leased or

conveyed be contained in the lease or deed, if that instrument refers for identification of the property to some other instrument or document· containing a sufficient description.

The reference to the other writing, however, must be for description. *Gibbs* v. *Thompson,* 7 Humph., 179.

". . . It is well settled that a reference to the prior deed or grant for description, without more, incorporates the description of that deed or grant in the later instrument." *Byrd* v. *Phillips,* 120 Tenn., 14, 111 S. W., 1109.

That the reference to the former deed must be for the purpose of description or identification is distinctly recognized in *Harriman Land Co.* v. *Hilton,* 121 Tenn., 308, 120 S. W., 162. It is said in that case that the reference to the former deed in the deed under consideration could have been for no other purpose.

In the contract before us the reference to the Piggly-Wiggly Stores, Inc., lease is not for description or identification of the property at all. The expiration of the Piggly-Wiggly Stores lease is referred to merely to fix the beginning of the proposed lease to complainant Watts. The beginning of the proposed lease to Watts was indicated in this way alone. There is nothing in the language of the contract to imply that it was intended to adopt the description of the property contained in the Piggly-Wiggly Stores lease, or that said lease was mentioned for such a purpose. On the contrary, the language plainly shows that the reference to the Piggly-Wiggly Stores lease was for a different purpose.

So, if it be conceded that this reference to the Piggly-Wiggly Stores lease was· a reference to a writing, rather

than a reference to a parol lease, nevertheless such a reference cannot be taken to complete a description, since it was made to another end.

Being, therefore, of opinion that Mrs. Warner's plea of the statute of frauds was good, it is not necessary to consider the propriety of the chancellor's action in sustaining the demurrer of Piggly-Wiggly Stores, Inc. Mrs. Warner's demurrer went to the entire case.

It is well established, both in law and equity, when the defense made by one defendant goes to the whole cause of action against all the defendants, and the plaintiff fails to make out his case in opposition to such defense, he cannot be relieved in any way whatever, even though he should obtain a *pro confesso* against the other defendants. *Lumber Co.* v. *Blanks,* 118 Tenn., 627, 102 S. W., 79; *Dunscomb* v. *Wallace,* 105 Tenn., 385, 59 S. W., 1013, and cases cited; *Butler* v. *Kinzie & Franklin,* 90 Tenn., 31, 15 S. W., 1068; *Smith* v. *Cunningham,* 2 Tenn., Ch., 565.

The case of *Dunscomb* v. *Wallace,* supra, is quite in point. That was a suit of a creditor of one Wallace against Wallace and his grantee alleging that a conveyance made by Wallace was fraudulent and seeking a recovery both against Wallace and his grantee. A *pro confesso* was obtained against the grantee. Wallace, however, answered and disproved the fraud. The court held that the bill must be dismissed as to both defendants notwithstanding the *pro confesso* against Wallace's grantee. There could be no fraudulent grantee without a fraudulent grantor.

So this bill against Piggly-Wiggly Stores, Inc., rests on the proposition that there was a contract between

Mrs. Warner and the complainant. If there was no such contract, then Piggly-Wiggly Stores, Inc., could not have damaged complainant as alleged. Chapter 154 of the Acts of 1907, upon which the suit as to Piggly-Wiggly Stores, Inc., is founded, denounces interference with "any lawful contract." And, aside from the statute, we take it there could be a recovery at common law only for interference with a lawful contract.

When, therefore, Mrs. Warner successfully interposed a plea of the statute of frauds and avoided the alleged contract, the whole basis of the complainant's suit against Piggly-Wiggly Stores, Inc., was swept away. No judgment could be based against a defendant for interference with an unenforceable repudiated contract. Certainly after repudiation there were no legal rights under such a contract which could be infringed.

So it mattered not whether Piggly-Wiggly Stores, Inc., was entitled to plead the statute of frauds, whether chapter 154 of the Acts of 1907 was constitutional, or whether this defendant interposed any defense at all. The demurrer of its codefendant went to the entire case, and required that the bill be dismissed.

The decree of the chancellor is accordingly affirmed.