SCHULTZ *v.* ANDERSON.

(*Knoxville,* September Term, 1940.)

Opinion filed June 14, 1941.

GRIMM & TAPP, of Knoxville, for complainant.

JOEL H. ANDERSON, of Knoxville, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The bill herein was filed for the purpose of enforcing the specific performance of the following written contract:

"Sale Contract.

"This contract made and entered into by Ed G. Schmid, Agents for Ed. Anderson of the first part and Ellsworth Schultz, of the second part: Witnesseth: that party of the first part has sold unto party of the second part, who hereby buys the following described premises:

"Situated in the Second Civil District of Knox County,

Tennessee, and being a certain tract of land containing ten and one-half acres lying on the southern side of Tazewell Pike, improved by a two story frame dwelling and out buildings.

"In consideration of $50.00 paid by second party, this contract is made binding on both parties.

"When the party of the first part shall deliver deed free and clear of all encumbrances, except the State and County taxes for the year 1940 which shall be prorated as of the date of the delivery of the deed, the second party shall convey by Warranty Deed to owner five certain lots in North Hills Addition, Knoxville, Tennessee, and pay an additional sum of $6500.00 cash, and the above amount paid shall be credited on the cash payment of the property. This contract is made for the purpose of binding both the first and second parties.

"It is hereby understood that in case of first party's failure to close deal with owner, then this trade shall become void and the payment of above $50.00 shall be refunded to party of the second part.

"Date October 14, 1940.

  "(s) Ed. C. Schmid, Agt.

  "(s) Ellsworth Schultz

"Approved by Owner Ed. Anderson

"In case this contract is not accepted by noon Oct. 15th, 1940, then same shall become null and void."

To the bill the defendant interposed a demurrer, two of the grounds thereof being as follows:

"II. The bill shows on its face that the complainant was a vendor, purporting to convey to the said defendant five lots in North Hills Addition, Knoxville, Tennessee. These lots were not identified or described in writing, and the description thereof in the sale contract, appearing in section two of the original bill, is wholly insuffi-

cient to identify the real estate which the complainant proposed to sell to this defendant. For this reason said contract fails to comply with the statute for the prevention of frauds and perjuries and is wholly insufficient to bind either the complainant herein or this defendant.

"III. The complainant was not bound by said written contract to convey any real estate to this defendant, the real estate therein referred to as property to be conveyed to the defendant by the complainant not being described or identified with certainty so as to comply with the statute of frauds requiring a writing with respect to real estate transactions, and the complainant not being bound by said contract, the defendant was not bound thereby, and there was no mutuality of obligation."

The chancellor overruled the demurrer and, exercising his discretion, allowed an appeal to this Court from his decree.

By this contract each party was in effect selling to the other certain real estate. It is a fundamental principle in the law of specific performance that for the relief to be granted mutuality of remedy must exist. Accordingly specific performance will not be granted in favor of one party unless it can also be granted in favor of the other. 58 C. J. 866, 867.

Clearly the description of the five lots in the North Hills Addition is insufficient. *Dobson* v. *Litton*, 45 Tenn., (5 Cold.), 616. In the opinion in that case the following rule was announced: "Where an instrument is so drawn that, upon its face it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only, parol evidence may be employed to show where the tract so mentioned is located. But where the description employed, is one that must neces-

sarily apply with equal exactness to any one of an indefinite number of tracts, parol evidence is not admissible, to show that the parties intended to designate a particular tract by the description.''

The rule in that case was announced with reference to the following writing, namely: ''I have this day sold to W. K. Dodson, a certain tract of land, containing nine acres and sixty-six poles, near the junction of Broad Street, Nashville, and the Hillsboro' Turnpike, Davidson County, Tennessee, for the sum of four thousand dollars,'' etc.

In the contract under consideration the description is not as full as it was in *Dobson* v. *Litton*, it simply being ''five certain lots in North Hills Addition, Knoxville, Tennessee.'' The rule announced in *Dobson* v. *Litton*, has been approved by this Court in numerous subsequent decisions.

Complainant, evidently in anticipation of a reliance by defendant on the statute for the prevention of frauds and to obviate the effects thereof, made the following allegation in his bill: ''That upon the execution and delivery of said contract to complainant, the respondent procured from complainant the deeds wherein said five lots in North Hills Addition to Knoxville, Tennessee, were conveyed to complainant, et ux.; had the title to said lots examined and approved by his Attorney,'' etc.

Section 7831 of the Code provides, in part, as follows: ''No action shall be brought: . . . Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year; . . . Unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the

party to be charged therewith, or some other person by him thereunto lawfully authorized.''

■ The rules of construction formulated by this Court with respect to the statute of frauds have been accurately and succinctly stated by Judge WILLIAMS in the notes to his Annotated Code of Tennessee, Vol. 5, p. 394, together with a list of supporting decisions, as follows:

"It is not necessary that the contract be contained in a single document. It will be sufficient if it can be plainly made out, in all its terms, from any writings of the party, or even from his correspondence. *Blair* v. *Snodgrass,* 33 Tenn. (1 Sneed), 1; *Wright* v. *Cobb,* 37 Tenn. (5 Sneed), 143; *Holms* v. *Johnston,* 59 Tenn.. (12 Heisk.), 155; *Lee* v. *Cherry,* 85 Tenn., 707, 4 S. W., 835, 4 Am. St. Rep., 800. See *Johnson* v. *Somers,* 20 Tenn. (1 Humph.), 268; *Swiney* v. *Swiney,* 82 Tenn. (14 Lea), 316; *Brewer* v. *DeCamp Glass Casket Co.,* 139 Tenn., 97, 201 S. W. 145; *Harris* v. *Morgan,* 157 Tenn., 140, 7 S. W. (2d) 53.

"Where several papers are relied on for written evidence, they must afford intrinsic proof that they relate to the same contract of sale. Parol evidence is inadmissible to connect them, or to show that they relate to the same transaction. *Blair* v. *Snodgrass,* 33 Tenn. (1 Sneed), 1; *Hudson* v. *King,* 49 Tenn. (2 Heisk.), 560; *Johnson* v. *Kellogg,* 54 Tenn. (7 Heisk.), 262; *Harriman Land Co.* v. *Hilton,* 121 Tenn., 308, 120 S. W. 162; *Knox* v. *Haralson,* 2 Tenn. Ch., 232, 237. But see *Harris* v. *Morgan,* 157 Tenn., 140, 7 S. W. (2d), 53 (rule not to be enforced where there is room to doubt). See, also, *Huffine* v. *McCampbell,* 149 Tenn., 47, 257 S. W., 80; *Williams* v. *Buntin,* 4 Tenn. App., 340.

"The contract, memorandum, or note thereof may be made out from the correspondence between the owner

and his agent, where the letters refer to and connect with each other, and taken as a whole, show clearly a sufficient description of the land, and the fact and terms of the sale authorized by the principal and effected by the agent. *Lee* v. *Cherry,* 85 Tenn., 707, 4 S. W. 835, 4 Am. St. Rep., 800; *Otis* v. *Payne,* 86 Tenn., 663, 8 S. W. 848.''

In *Blair* v. *Snodgrass, supra,* 33 Tenn. (1 Sneed), 1, 25, it is said:

''Nor is it necessary that the contract should be contained in a single document. 'It will be sufficient if it can be plainly made out, in all its terms from any writings of the party, or even from his correspondence.'

''But when several papers are relied upon for written evidence of a sale of land—these papers must afford intrinsic proof, that they relate to the same contract of sale. Parol evidence is inadmissible to connect them, or to show that they relate to the same transaction. This is a well settled rule under the statute of frauds.''

In *Huffine* v. *McCampbell, supra,* 149 Tenn., 47, 257 S. W., 88, it is said: ''It is well settled in this state (as it seems to be everywhere) that two or more writings of the party to be charged, affording intrinsic proof of their connection, may serve as a sufficient memorandum; and even letters passing between the vendor and his agent, which refer to and connect with each other, and contain all the terms of the sale and a sufficient description of the property, may constitute a good memorandum.''

In *Watts* v. *Warner,* 151 Tenn., 421, 423, 424, 269 S. W., 913, the description was held to be insufficient although there was a reference in the contract to an existing lease on the property which was of record and which fully described the property. The Court said:

''It is not necessary, in order to comply with the statute of frauds, that the description of property leased or

conveyed be contained in the lease or·deed, if that instrument refers for identification of the property to some other instrument or document containing a sufficient description.

"The reference to the other writing, however, must be for description. *Gibbs* v. *Thompson,* 26 Tenn. (7 Humph.), 179.

" '. . . It is well settled that a reference to the prior deed or grant for description, without more, incorporates the description of that deed or grant in the later instrument.' *Byrd* v. *Phillips,* 120 Tenn., 14, 111 S. W., 1109.

"That the reference to the former deed must be for the purpose of description or identification is distinctly recognized in *Harriman Land Co.* v. *Hilton,* 121 Tenn., 308, 120 S. W., 162."

█ The·underlying principle running through the foregoing cases, and many others that could be cited, is that it is not necessary that the written evidence required by the statute of frauds should be comprised in a single document; but it is sufficient if the contract can be plainly made out in its terms, including the description of the property, from the writings of the party; that is, the party to be charged.

Applying the foregoing test to the facts of the cause under consideration, we find only one writing of complainant, the party to be charged, with respect to the sale of the five lots in the North Hills Addition, and that contains an inadequate description of the property.

It follows that the decree of the chancellor will be reversed, the grounds of the demurrer copied herein sustained, and the bill dismissed at the cost of complainant.