PENCE *v.* ARCHER *et ux.*

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

SIMMONDS & BOWMAN and CHARLES T. HERNDON, III, all of Johnson City, for complainant.

GEO. N. BARNES, of Johnson City, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This was a bill filed for a specific performance and the question involved is whether the written memorandum appearing in the record is a sufficient one to comply with the Statute of Frauds. Code, Section 7831. The Chancellor was of the opinion that it was, and decreed a specific performance.

The original bill states that in the latter part of 1949, the complainant Pence was negotiating with the defendants for the purchase of some property owned by them located at 403 West Walnut Street in Johnson City. This property is described in the deed conveying the same to the defendants by Brown L. Street as being "Lots 1, 2, 3 and 4 and ten feet off the easterly side of Lot No. 5 of Block 16 of the southwest addition of Johnson City, Tennessee . . . said Lot contained thirty-seven hundredths of an acre more or less."

The defendants quoted the property to complainant at a price of ten thousand dollars. This took place on December 24, 1949. It seems that complainant told the defendant Archer that he would like to have their agreement reduced to writing, whereupon the latter wrote out

the following in his own handwriting, which he and his wife signed:

"This is to certify that we, L. G. Archer and wife Estella Archer, hereby agree to give Mr. E. E. Pence to February 1, 1950 on a certain trade agreement or option on a house and lot at 403 West Walunt Street, Johnson City, Tennessee. Agreed price to be ten thousand ($10,000) Dollars at least $8,000 cash on day of sale.

"This Dec. 24, 1949.

"Signed L. G. Archer

Estella Archer."

On January 16, 1950, complainant advised Archer that he had the money and was ready to close the deal. The defendant then stated that he wanted to study about the matter for a while. Complainant then had his solicitors write a letter to the defendants on January 16, 1950 formally accepting the written offer and advising the full purchase price was ready to be paid in cash. On January 27, 1950, Complainant took a deed of conveyance and also a certified check in the amount of ten thousand dollars, payable to the defendants, and went to their home. He requested that the deed be signed and offered to deliver the money. It seems on January 31, 1950, complainant learned that the defendants did not intend to execute the deed. It also appears that the written offer had never been withdrawn and that complainant accepted said offer verbally and in writing by letter of his solicitors.

In *Lee* v. *Cherry,* 85 Tenn. 707, 4 S. W. 835, it is said: "It is not essential that the contract of sale shall be in writing, provided there is produced a writing containing the terms of the oral contract, and authenticated by the signatures of the party to be charged." 85 Tenn. at page 708, 4 S. W. at page 835.

"The party to be charged therewith under the statute is the vendor; and, if the agreement be signed by him, or there be a sufficient memorandum of an oral agreement signed by him, he will be bound; for an offer or proposal signed by the party proposing to sell will support an action against him for breach of the contract afterwards made by the oral acceptance of the offer by him to whom it was made, the fact of such acceptance being provable by oral evidence. Browne, St. Frauds, Section 345a; *Whitby* v. *Whitby,* [36 Tenn. 473] 4 Sneed, 473; *Frazer* v. *Ford,* [39 Tenn. 464] 2 Head, 464."

However, it is insisted that the memorandum is insufficient because it simply refers to a house and lot at 403 West Walnut Street in Johnson City, Tennessee. This memorandum was drawn by the defendant Archer. He had purchased this property in 1945 from one Street in one piece although in the description, the tract is described as consisting of four twenty-five foot lots and ten feet of another and then again as a "lot containing thirty-seven hundredths of an acre more or less."

It is stated in the amended bill that the residence erected on the property is surrounded by a yard and has always been used and considered as one lot. Archer acquired this property in one piece.

In *Rogers* v. *Roop,* 19 Tenn. App. 579, 92 S. W. (2d) 423, it was held that a description by street and number is sufficient.

The defendants rely upon *Dobson* v. *Litton,* 45 Tenn. 616, and *Schultz* v. *Anderson,* 177 Tenn. 533, 151 S. W. (2d) 1068. In both of these cases, the description was so vague itself that the Court did not permit parol testimony to explain it. In the present case, the description is definite.

In *Dobson* v. *Litton,* supra, it is said:

"If the agreement itself shows some particular tract was intended, then parol proof is admissible to show the location and boundaries of the tract mentioned, and to enable the Court to find it. . . .

"Where an instrument is so drawn that, upon its face, it refers necessarily to some existing tract of land, and its terms can be applied to one tract only, parol evidence may be employed to show where the tract so mentioned is located. But where the description employed, is one that must necessarily apply to any one of an indefinite number of tracts, parol evidence is not admissible to show that the parties intended to designate a particular tract by the description."

Under this rule, parol evidence would be admissible to show the location of the tract in the present case. We are of the opinion that the offer was not too indefinite. The memorandum stated that the purchase price would be ten thousand dollars and at least eight thousand dollars paid in cash on the day of the sale. It seems that the defendant desired all the money in cash but would accept a minimum of eight thousand dollars in cash when the transaction was consummated. The complainant accepted the offer by raising ten thousand dollars in cash and offering it verbally on January 16 and then in writing on the same date. Any question of how the balance should be paid did not arise since the total purchase price was tendered.

We have considered all the assignments of error and find them without merit and the decree of the Chancellor must be affirmed.

All concur.