Jay C. Evans *v.* J. O. Mayberry, Donald Mayberry, Earl Mayberry and L. L. Brooks.

*(Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

Petition for Rehearing denied June 15, 1955.

Second Petition for Rehearing denied June 15, 1955.
See 279 S. W. 2d 705.

WILLIAM W. BELL and JOSEPH L. LACKEY, both of Nash-ville, for plaintiff in error.

TYREE B. HARRIS, III and E. D. JACKSON, both of Nash-ville, for defendants in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

G. E. Evans made an oral contract to sell his brother, Jay C. Evans, certain real estate. Thereafter G. E. Evans sold this real estate to another. Then Jay C. Evans in-stituted this action against these defendants on the al-legation that they induced his brother to so sell this land.

Treble damages were sought under the authority of Code Section 7811.

Defendants demurred on the ground that an action in damages does not lie for inducing the breach of an oral contract to sell real estate. The case is here upon the appeal in error of Jay C. Evans from the action of the Court in sustaining this demurrer and dismissing his suit.

The contract between the two brothers to sell and buy, respectively, this land was voidable, as between them, under the statute of frauds because it was an oral contract. It is insisted, however, by plaintiff-in-error that this statute is available only to the actual parties to the oral contract, and that third parties are not entitled to plead it; hence, that the Trial Court erred in sustaining the demurrer, in effect, pleading that statute.

We think the determinative question is whether there is applicable to a contract which is unenforceable between the parties under the statute of frauds the doctrine that a person who knowingly induces one of these parties to avoid such contract is liable to the other party to the contract for damages.

Cases upon the question stated, or annotations thereof, are gathered in 84 A. L. R., page 48-49 and 26 A. L. R. (2d) 1242-1243. As demonstrated by the cases there discussed, the Courts are divided on the question. Perhaps the clear weight of authority, as reflected by these cases, is that the doctrine does apply so as to render a third party liable, notwithstanding the fact that the contract with which the third party intermeddled was unenforceable between the parties to that contract.

Apparently the Courts which take the minority view do so upon the theory that "if the party to such oral agreement would not be liable for noncompliance there-

with, it is legally incomprehensible that another person would be liable for procuring him not to perform". *Davidson* v. *Oakes,* 60 Tex. Civ. App. 269, 128 S. W. 944; 84 A. L. R. 49. It must be conceded that it would be most difficult to assail, on a logical basis, this reasoning upon which the minority view is predicated.

In *Watts* v. *Warner,* 151 Tenn. 421, 269 S. W. 913, and being the only Tennessee case we find on the point, the Piggly-Wiggly Stores induced Mrs. Warner to breach her oral contract to lease certain realty to Watts. Watts made each of them a defendant to an action for damages. Each by demurrer plead the statute of frauds. Both demurrers were sustained.

One contention of Mrs. Watts, on appeal, was that Piggly-Wiggly, the third party, was not entitled to plead the statute of frauds. It was held by this Court that in as much as the demurrer was good as to Mrs. Warner, a party to the voidable contract, therefore "it matters not whether Piggly-Wiggly Stores, Inc. was entitled to plead the statute of frauds—or whether this defendant interposed any defense at all. The demurrer of each co-defendant went to the entire case, and required that the bill be dismissed"; that "no judgment could be based against a defendant for interference with an unenforceable repudiated contract."

The holding in *Watts* v. *Warner,* supra, is that Mrs. Warner could not be made to respond in damages for avoiding a contract voidable under the statute of frauds; hence, that Piggly-Wiggly could not be made to respond in damages for inducing her to avoid that contract.

The only distinction between *Watts* v. *Warner* and the case at bar is that in the Watts case the contracting person who avoided the voidable contract was made a party

to the suit for damages, whereas in the case at bar the contracting person who avoided the voidable contract was not made a party to the suit for damages. That is a distinction without a difference. Piggly-Wiggly was not excused from liability because Mrs. Warner was a party to the suit. It was held not liable because the contract was unenforceable as to Mrs. Warner whom Piggly-Wiggly had induced to avoid it. As a matter of fact, Mrs. Warner was not a party to the suit at the time Piggly-Wiggly was let out in that the suit as to her had been dismissed by the sustaining of her demurrer. *Watts* v. *Warner* is conclusive here in support of the judgment of the Circuit Court.

Affirmed with costs.

## ON PETITION TO REHEAR.

Mr. Evans' second petition to rehear does not go beyond a reargument on points already considered and determined. In so doing, he inadvertently overlooks, we think, the well established rule that: "The office of a petition to rehear is to call the attention of the court to matters overlooked, not to those things which the counsel supposes were improperly decided after full consideration." *Louisville & N. Railroad Co.* v. *United States Fidelity & Guaranty Co.,* 125 Tenn. 658, 691, 148 S. W. 671, 680.

It is asserted in this petition to rehear that the Court's opinion is based on a now overruled Texas case reported in 84 A. L. R. 49. The assertion is a mistaken view of this Court's opinion.

In the original opinion in which this Court referred to the Texas case [*Davidson* v. *Oakes,* 60 Tex. Civ. App. 269, 128 S. W. 944], and the very logical basis upon which

it is rested, it is said that this Court's investigation lead it to believe that "the clear weight of authority, as reflected by" the cases from other jurisdictions supports the position of petitioner in this case. However, our opinion then refers to a decision of our own Court in *Watts* v. *Warner,* 151 Tenn. 421, 269 S. W. 913, and concludes with the statement that "*Watts* v. *Warner* is conclusive here in support of the judgment of the Circuit Court." In response to the first petition to rehear we repeated the holding that "*Watts* v. *Warner* rules the instant case".

Properly analyzed, the position of petitioner is that this Court should overrule *Watts* v. *Warner;* thus, bring this State within what apears to be the majority rule.

"The importance of abiding by and adhering to adjudicated cases, as precedents, is everywhere recognized". *Lafferty* v. *Turley,* 35 Tenn. 157, 171. " 'Chancellor Kent says: "If a decision has been made upon solemn argument and mature deliberation, the presumption is in favor of its correctness, and the community have a right to regard it as a just declaration or exposition of the law, and to regulate their actions and contracts by it. It is by the notoriety and stability of such rules that professional men can give safe advice to those who consult them, and the people in general can venture to buy and trust, and to deal with each other. If judicial decisions were to be lightly disregarded, we should disturb and unsettle the great landmarks of prosperity." ' " *Wilkins* v. *Chicago, St. L. & N. O. R. Co.,* 110 Tenn. 422, 458-459, 75 S. W. 1026, 1035.

■ There are, of course, exceptions to the generally recognized rule above quoted. But the case at bar is not an exception. Public policy of the State on the subject

matter of this suit was declared many years ago in our Code Section 7811. More than thirty years ago, *Watts* v. *Warner* [151 Tenn. 421, 269 S. W. 914] held that "interference with an unenforceable repudiated contract" did not fall within this public policy declaration statute. Through the many years that have passed since *Watts* v. *Warner* the legislature has not elected, as it of course could have, to so amend its declaration of public policy on the question at hand by declaring that the legislative intention is for such a contract to fall within this public policy declaration. In the light of the judicial and legislative history of the matter, it would, in our opinion, amount to no less than an encroachment by us upon a legislative function to now reverse *Watts* v. *Warner* by holding that the instant case falls within Code Section 7811.

While we respect the earnestness and sincerity, and admire the ability, with which this petitioner has presented his cause, we feel compelled, as we have from the beginning, to disagree with him, and, on the other hand, to agree with the holding of the Circuit Court.

The petition to rehear will be denied.