7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anne RHEA, Plaintiff-Appellant,
v.
Annie Marie Crawford RHEA; James Samuel Rhea, Jr.; Rebecca
O. Rhea; David Charles Rhea; Somerville Bank & Trust
Company; Administrator of the Small Business
Administration; Production Credit Association of the Fourth
District, Defendants-Appellees.
 No. 92-6243.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1993.
 
 Before: KENNEDY and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Anne Rhea, a pro se litigant, appeals from an order of the district court enforcing a settlement between the parties on Rhea's complaint for a partition of property. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Rhea sought an equitable partition of land owned by her and her two brothers, James and David, as tenants in common. Following settlement negotiations, the Rhea defendants moved the court for an order enforcing the purported settlement agreement. The district court determined that a settlement had been reached and issued an order enforcing the settlement and closing the case. In response, Rhea wrote a letter to the district judge complaining that the order was in error. The district judge referred the matter to a magistrate judge, and an evidentiary hearing was held. After the evidentiary hearing, the magistrate judge issued a report recommending that the case remain closed. Over Rhea's objections, the district judge accepted the report and recommendation, and the court ordered that the case remain closed and that the settlement be enforced.
 
 
 3
 On appeal, Rhea argues that she never accepted defendants' proposed settlement and that the proposed settlement is inherently unfair to her. Rhea also moves for a transfer of this appeal to the Ninth Circuit.
 
 
 4
 The district court possesses inherent power to enforce agreements between the parties in settlement of litigation pending before the court. Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 152 (6th Cir.), cert. denied, 113 S.Ct. 194 (1992). Even where the settlement has not been reached in the presence of the court nor reduced to writing, the district court may still enforce the settlement. Odomes v. Nucare, Inc., 653 F.2d 246, 252 (6th Cir.1981). In determining whether a settlement agreement is a valid contract, the district court should refer to state substantive law. Bamerilease Capital Corp., 958 F.2d at 152. The determination of whether a settlement agreement is a valid contract is a finding of fact which will not be set aside unless clearly erroneous. See Bobbie Brooks, Inc. v. Int'l Ladies' Garment Workers Union, 835 F.2d 1164, 1168 (6th Cir.1987). A determination will not be considered clearly erroneous unless it is against the clear weight of the evidence or the appellate court is left with a definite and firm conviction that a mistake has been committed. Id.
 
 
 5
 Under Tennessee law, a contract may be created by oral acceptance of a written offer, see King v. John A. Denies Sons Co., 404 S.W.2d 580, 588 (Tenn.App.1966), and that oral acceptance may be proved by oral evidence. Pence v. Archer, 234 S.W.2d 820, 821 (Tenn.1950).
 
 
 6
 Upon review, we are satisfied that the district court's determination was not clearly erroneous. Defendants produced evidence that on April 3, 1991, defendants' counsel mailed Rhea a written letter and a document of the proposed physical partition of the Rhea property. In the letter, defendants' counsel stated that his clients had agreed to the partition of the land as shown in the document in full and final settlement of the lawsuit. Rhea was requested to consider the offer and give counsel her response. Rhea's written response to defendants' counsel indicated that the proposed physical partition was not a problem, but that Rhea would not consent to assuming the full costs of the survey and partition. Rhea proposed that she assume one-third of those costs. Subsequently, defendants agreed to assume two-thirds of the costs of surveying. At the evidentiary hearing, evidence was presented demonstrating that Rhea orally accepted defendants' offer of partition. Rhea contends, in contrast, that while she agreed in principle to a partition of the property, she did not agree to the partition proposed by defendants. Upon the evidence presented, the district court determined that Rhea had accepted the partition as proposed by defendants. We are satisfied that this determination was not clearly erroneous, and we conclude that the district court properly denied Rhea's motion for relief from judgment under Fed.R.Civ.P. 60(b).
 
 
 7
 Accordingly, Rhea's motion to transfer is denied and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.