Singleton vs. Hill and others.

SINGLETON, Respondent, vs. HILL and others, Appellants.

*September 7 — September 26, 1895.*

*Vendor and purchaser of land: Statute of frauds.*

A letter to a vendor from his agent transmitting an offer for land, and his reply to the agent accepting such offer, constitute a sufficient memorandum of the contract for the sale of the land to satisfy the statute of frauds (sec. 2304, R. S.).

APPEAL from a judgment of the circuit court for Juneau county: A. W. NEWMAN, Circuit Judge. *Affirmed.*

This is an action for the specific performance of a contract for the sale of real estate, and to set aside a deed made to the defendant *Johnson* with knowledge of such contract. Sheldon Ranney, who had written authority from defendant *Hill*, the owner of certain lands, to sell the same for $175, negotiated with plaintiff in regard to such a sale, with the result that he received from the latter an offer of that sum therefor. Thereupon Ranney by letter communicated such offer to *Hill*. Thereafter *Hill*, by letter written to the former, accepted the offer and agreed to forward the deed. Ranney then communicated such acceptance to plaintiff, who thereupon paid to the former $10 on the contract, and, by authority of the agent, entered into possession of the land pursuant thereto. Subsequently, *Johnson*, with knowledge of the facts, purchased the land from *Hill* and obtained a deed therefor.

Singleton vs. Hill and others.

*F. S. Veeder*, for the appellants.

For the respondent there was a brief by *Barney & Beebe*, and oral argument by *H. W. Barney*. To the point that the memorandum was sufficient, they cited 8 Am. & Eng. Ency. of Law, 710–713, 715, 716; *Kuhn v. Brown*, 1 Hun, 244; *Drury v. Young*, 58 Md. 546, 42 Am. Rep. 343; *Allen v. Bennet*, 3 Taunt. 169; *Tufts v. Plymouth G. M. Co.* 14 Allen, 407; *Argus Co. v. Albany*, 55 N. Y. 495.

MARSHALL, J. Appellants excepted to the finding of fact that respondent paid part of the consideration and entered into possession by authority of the agent before the sale and conveyance to *Johnson*, and that the latter took possession with knowledge of the rights of respondent. It cannot be said there is a clear preponderance of evidence against such finding; therefore it must be sustained. *Jones v. Pease*, 21 Wis. 644; *Docter v. Hellberg*, 65 Wis. 415. This, of itself, is sufficient to entitle plaintiff to the judgment appealed from; but we think the letter written by Ranney, the agent of *Hill*, conveying to him respondent's proposition, and the letter from *Hill* to Ranney accepting the same, constitute a sufficient memorandum of the contract of sale to satisfy the statute of frauds, which provides that "every contract . . . for the sale of any lands . . . shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the sale is to be made, or by his lawfully authorized agent." [R. S. sec. 2304.] It is not necessary that the memorandum should be formal, or in one writing or paper, or made directly between the parties to the contract. The point raised by the learned counsel for appellants that the letters were mere communications between *Hill* and his own agent is not material, for it is sufficient if the memorandum consists of letters passing between the vendor and a third person, who is agent for the parties

or one of them. *Drury v. Young*, 58 Md. 546. STONE, J., discussing the question, quotes with approval from *Gibson v. Holland*, L. R. 1 C. P. 1, as follows: "The object of the statute of frauds is to prevent perjury in the setting up of contracts by parol evidence. With this view, it requires the contract to be proved by the production of some note or memorandum in writing. Now, a note or memorandum is equally corroborative, whether it passes between the parties to the contract themselves, or between one of them and his own agent. Indeed, one would be inclined to think a statement made by the party to his own agent would be the more satisfactory evidence of the two." Letters between the vendor and the vendee, or the vendor and his own agent, sufficiently definite to disclose the subject-matter of the contract,— the land,— so that it may be identified, and expressing the consideration, are sufficient to satisfy the statute; and in this connection it may be stated that the location and identification of the land may be shown by parol. *Tice v. Freeman*, 30 Minn. 389; *Hurley v. Brown*, 98 Mass. 545.

The evidence in this case supports the findings of fact excepted to, and the findings of fact support the conclusions of law. The judgment appealed from must therefore be affirmed.

*By the Court.*— Judgment affirmed.

NEWMAN, J., took no part.