[No. 6836.   Decided November 15, 1907.]

BRONX INVESTMENT COMPANY, *Respondent*, v. NATIONAL BANK OF COMMERCE OF SEATTLE, *Appellant*.[1]

FRAUDS, STATUTE OF—SALE OF LAND—MEMORANDUM. Letters from the duly authorized agent of the vendors, containing the names of the parties, description of the property and conditions and terms of the sale, are a sufficient memorandum to satisfy the requirements of the statute of frauds.

ESCROWS—DEFINITION—INTENTION—DEEDS—DELIVERY — PRINCIPAL AND AGENT. Where nonresident vendors, living at a great distance from this state, agreed to all the terms and conditions of sale, whereby their deed was delivered to a local bank to be by it delivered upon the payment of the price and performance of certain conditions, reserving no control over the papers if the conditions were complied with, and one of the vendors testified that they intended to reserve no control, the transaction amounts to a delivery of the deed in escrow, and not a mere agency.

SAME—DEATH OF GRANTOR. The death of one of the grantors in a deed delivered in escrow does not affect the right of the grantee to delivery upon compliance with the conditions of the escrow agreement.

SAME—ACTIONS—PARTIES DEFENDANT. Where a deed has been delivered in escrow, the remedy of the vendee, upon a refusal to deliver the deed, is against the escrow holder, and there is no defect of parties defendant by reason of failure to join the vendors.

Appeal from a judgment of the superior court for King county, Morris, J., entered March 5, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to compel the delivery of a deed. Affirmed.

*Frank C. Park*, for appellant.

*Kerr & McCord* and *Horace A. Wilson*, for respondent.

RUDKIN, J.—This was an action prosecuted by the Bronx Investment Company against the National Bank of Commerce of Seattle, to compel the delivery of a deed pursuant to

[1]Reported in 92 Pac. 380.

the terms of an escrow agreement theretofore entered into between the plaintiff and the grantors named in the deed. The court below found, in substance, that on or about the 21st day of July, 1906, Randolph S. Williamson and Marion V. Shippen, the then owners of lots 4, 5 and 8, of Block 136, of A. A. Denny's Broadway Addition to the City of Seattle, agreed in writing to convey the same to the Bronx Investment Company for the sum of $39,000 net to the owners, the purchase price to be paid and secured as follows: $19,000 in cash, and $20,000 on time, evidenced by two promissory notes of $10,000 each, due two years after date, with interest at the rate of six per cent per annum, and secured by mortgage on the property conveyed; that thereafter Williamson and Shippen agreed with the plaintiff that they would execute a good and sufficient deed of conveyance to the property, and that such deed should be delivered to the defendant bank, to be held in escrow by the bank, and delivered to the plaintiff, upon the payment of $19,000 in cash and the delivery to the bank of the promissory notes and mortgage above described; that, pursuant to this latter agreement, the deed was duly executed and delivered to the defendant bank; that the plaintiff has tendered to the bank the cash payment and the notes and mortgage as provided in the escrow agreement, and that the defendant bank has refused to accept the tender or deliver the deed to the plaintiff. On these findings a decree was entered in accordance with the prayer of the complaint, and the defendant has appealed therefrom.

In support of its appeal the appellant contends: (1) that it was incumbent on the respondent to prove a valid enforceable contract for the conveyance of the property, independent of the escrow agreement, and that it failed in this; (2) that there was no escrow agreement, or delivery in escrow; and (3) that there was a defect of parties defendant.

For the purposes of this appeal, we will assume that it was incumbent on the respondent to prove a valid subsisting con-

tract for the sale of the property, independent of the escrow agreement; but we think the evidence fully sustains the findings of the court in this regard. All negotiations leading up to the sale were conducted through Joseph Shippen, husband of one of the vendors and brother-in-law to the other, on the one side, and W. W. Hay on the other. The testimony shows conclusively that Joseph Shippen was the duly authorized agent of the vendors, and that they fully ratified and confirmed all his acts in the premises. It would seem also that W. W. Hay represented the vendors, in a measure at least; but whether he was their agent, the agent of the purchaser, the agent of both parties, or a mere go-between, we do not deem it material to inquire; for in either case, the letters from Joseph Shippen to W. W. Hay, in whatever capacity the latter may have acted, and the letters from Joseph Shippen to the bank, whether as. agent of the vendors or escrow holder, fully satisfied the requirements of the statute of frauds. They contained all the essential elements of a valid contract; the names of the parties, the description of the property, the consideration, and all the terms and conditions of the sale.

"A letter may be a sufficient memorandum, and so may a telegram; and several letters and telegrams relating to the subject-matter of the contract may constitute a sufficient memorandum. The memorandum is adequate; although the letter or telegram is addressed to the writer's agent, or to a third person." 20 Cyc. 254.

In *Lee v. Cherry*, 85 Tenn. 707, 4 S. W. 835, 4 Am. St. 800, the court said:

"The letters passing between Mr. Bacon, the agent, and Mr. Cherry, the vendor, refer to and connect with each other, and contain all the terms of the sale and a sufficient description of the property. These letters of the vendor to his agent, stating a proposal of sale, and affirming the sale made by his agent on the terms named by himself, are a sufficient memorandum under the statute of frauds: . . . The party to be charged therewith under the statute is the vendor; and if the agreement be signed by him, or there be a

sufficient memorandum of an oral agreement signed by him, he will be bound; for an offer or proposal signed by the party proposing to sell will support an action against him for breach of the contract afterwards made by the oral acceptance of the offer by him to whom it was made, the fact of such acceptance being provable by oral evidence. . . ."

In *Singleton v. Hill*, 91 Wis. 51, 64 N. W. 588, 51 Am. St. 868, the court said: ·

"It is not necessary that the memorandum should be formal, or in one writing or paper, or made directly between the parties to the contract. The point raised by the learned counsel for appellants that the letters were mere communications between Hill and·his agent is not material, for it is sufficient if the memorandum consists of letters passing between the vendor and third person, who is agent for the parties or one of them . . ."

Was there an escrow agreement?

"An escrow is a written instrument, which by its terms imports a legal obligation, deposited by the grantor, promisor, or obligor, or his agent with a stranger or third person, that is, a person not a party to the instrument, such as the grantee, promisee, or obligee, to be kept by the depositary until the performance of a condition or the happening of a certain event, and then to be delivered over to take effect." 16 Cyc. 561.

"By some of the old authorities it is said that it is necessary that the form of the words used in the deposit of an instrument must be 'apt and proper.' If this ever was necessary, it is absolutely certain that it is not required now. The term 'escrow' need never be used; nor on the other hand will the use of the term necessarily make the instrument an escrow, although it evinces more clearly and distinctly than any other the actual intention of the parties. It need not be in writing. In fact no particular form of words is necessary, but the terms of the escrow stipulations are to be derived from all the circumstances." 16 Cyc. 564.

"Whether an instrument placed with a third person is to be an escrow or a completedly executed instrument depends upon the intention of the parties. If the evidence leaves any doubt upon the subject, the intention of the parties must be

determined by the jury upon the whole evidence. A declaration by the depositor that he delivers the instrument as his deed, or that 'he delivers [deposits] it as an escrow' is not conclusive, but is a mere matter of evidence to be weighed in connection with other circumstances of the case, in order to determine the real character of the transaction." 16 Cyc. 568.

We accept the foregoing as a correct statement of the law applicable to agreements of this kind.

In his letter of July 5, 1906, to Mr. Hay, Joseph Shippen, the agent, suggested the following program for the consummation of the sale:

"That the owners execute and acknowledge a warranty deed . . . to the purchasers you name; said executed deed to be intrusted to the cashier of the Washington National Bank at Seattle for delivery. 3. That on passing title you deliver to the bank: a. Cash, $19,000. b. Notes, two for $10,000 each at two years at 8 per cent interest. c. Mortgage made by purchaser to secure the notes. This I will draw and send you. d. Insurance policies as above stated. e. The abstract of title to accompany the mortgage. 4. Thereupon the bank will deliver the deed."

The program thus outlined was thereafter modified by reducing the rate of interest on the deferred payments to 6 per cent per annum, but in no other particular, and was submitted and assented to by the purchaser. In his letter to the cashier of the appellant bank the same agent wrote:

". . . Upon receipt of the deed please hold it in safe-keeping for delivery to W. W. Hay, Esq., only after: (1) Payment to you of $19,000 in cash; (2) delivery to you of two notes and mortgage I have sent to Mr. Hay for execution by his company, which are marked by me o. k. with my signature in corner for identification—together with certified copy of board's resolution; (3) delivery to you of the Osborne abstract to accompany the mortgage; (4) delivery to you of a memorandum release as enclosed signed by Mr. Hay in evidence of satisfactory consummation."

Did these letters, coupled with the assent of the respondent to the plan outlined, constitute an escrow agreement, or did

they merely create an agency between the vendors and the appellant bank? In determining this question we must look to the situation of the parties and the surrounding circumstances. One of the grantors, at the time of the execution of the deed, was in Boston, Massachusetts, the other in Oakland, California. The purchaser was a Washington Corporation, having its principal place of business at the city of Seattle, where the property was situated and where the appellant had its banking house. The terms and conditions of the sale were agreed upon in every detail, and we are forced to the conclusion, as was the court below, that the vendors fully intended that their deed should be delivered over to the appellant, upon the terms agreed upon by their agent, and that they neither reserved nor intended to reserve control or dominion over the deed, if such conditions were complied with. The surviving grantor so testified at the trial, and there is nothing in the record to indicate that the other grantor viewed the matter in a different light during her lifetime. Joseph Shippen, the agent and successor in interest of Marion V. Shippen, attempted to recall the deed upon the death of his wife, but his acts in that regard are ineffectual for any purpose. If there was no delivery in escrow, the death of the principal revoked the appellant's authority to deliver the deed, and if there was an escrow agreement the death of one of the grantors would have no effect.

"The rule that the instrument does not take effect as a deed, bond, etc., until delivery or until performance of the condition is modified to the extent that, where justice requires it, the delivery will be held, by fiction of law, to relate back to the deposit, *ut res magis valeat quam pereat*. Any title acquired by the grantor between the deposit and the delivery passes by such delivery to the grantee. This principal applies where either of the parties to the instrument dies before the condition is performed, or before final delivery; whether grantor or grantee, or both parties." 16 Cyc. 588.

The contention that there was a defect of parties defendant cannot be sustained. The remedy of the purchaser in such

cases is against the escrow holder for refusal to deliver the instrument, and not against the vendors for specific performance.  16 Cyc. 598.

We find no error in the record and the judgment is therefore affirmed.

HADLEY, C. J., CROW, DUNBAR, and FULLERTON, JJ., concur.

MOUNT and ROOT, JJ., took no part.