WILLIAM MEEK, *Appellant,* v. CHARLES L. BRIGGS AND JAMES C. WARR, *Appellees.*

Opinion Filed July 29, 1920.

Petition for Rehearing Denied October 14, 1920.

1. Telegrams or letters to the writer's agent may constitute adequate memorandum of the contract under the statute of

frauds, and several telegrams, letters or other writings signed by the party to be charged may be considered together in supplying the essential elements of such memorandum as will satisfy the statute.

2. When memorandum under the statute of frauds consists of more than one writing, some of which are signed by the party to be charged and others not signed by him, in order that the unsigned writing or writings may be used to supply the essential elements of the contract there must be some reference to them in the signed writings of such party.

3. Memorandum, in order to make another writing a part thereof so as to constitute a part of the contract, must refer to such other writing, and parol proof of the connection of the papers is not admissible to establish a contract required by the statute of frauds to be in writing.

4. While memorandum of the contract may consist of two or more writings connected by clear reference in one to the other and parol testimony is inadmissible to connect them, it may in such case be resorted to to identify the writing referred to.

An Appeal from the Circuit Court for Dade County; H. Pierre Branning, Judge.

*Grover C. McClure* and *S. Grover Morrow,* for Appellant;

*Lilburn R. Railey,* for Appellees.

WEST, J.—This suit was brought to require the specific performance of an alleged contract to sell real estate. The bill of complaint was demurred to on various grounds. Upon a hearing there was an order sustaining the demurrer and dismissing the bill. From this order an appeal was taken to this court.

The decisive question in the case is whether the alleged contract of·sale or some note or memorandum thereof "in writing and signed by the party to be charged therewith," as required by the statute of frauds, is sufficiently alleged or shown in the bill.   Sec. 2517, Gen. Stats. 1906, Compiled Laws, 1914.

The contention is that the listing of the land with an agent of the alleged vendors for sale considered with a telegram and letter of such vendors to such agent stating the terms upon which they were willing to sell and taken together, constitute a sufficient memorandum in writing to meet the requirements of the statute.

Telegrams or letters to the writer's agent may constitute adequate memorandum of the contract, and several telegrams, letters or other writings signed by the party to be charged may be considered together in supplying the essential elements of such memorandum as will satisfy the statute.   Lee v. Cherry, 85 Tenn. 707, 4 S. W. Rep. 835, 4 Am. St. Rep. 800; Warfield v. Wisconsin Cranberry Co., 63 Ia. 312, 19 N. W. Rep. 224; Singleton v. Hill, 91 Wis. 51, 64 N. W. Rep. 588, 51 Am. St. Rep. 868; Barnett v. McCrea, 76 Hun (N. Y.) 610, 27 N. Y. Supp. 820; Little v. Dougherty, 11 Colo. 103, 17 Pac. Rep. 292; Olson v. Sharpless et al, 53 Minn. 91, 55 N. W. Rep. 125; Elbert v. Los Angeles Gas Co. 97 Cal. 244, 32 Pac. Rep. 9.

But when such memorandum consists of more than one writing, some of which are signed by the party to be charged and others not signed by him, in order that the unsigned writings or writings may be used to supply essential elements of the contract there must be some reference to them in the signed writings of such party, the established rule being that the signed memorandum

of the contract must show, either on its face or by reference to some other writing, the contract between the parties so that it can be understood without having recourse to parol proof. Johnson v. Buck, 35 N. J. 338, 10 Am. Rep. 243; Ridgway v. Ingram, 50 Ind. 145, 19 Am. Rep. 706; Hale v. Hale et al, 90 Va. 728, 19 S. E. Rep. 739; Darling v. Cummings et al, 92 Va. 521, 23 S. E. Rep. 880; Ward v. Hasbrouck et al, 169 N. Y. 407, 62 N. E. Rep. 434; Tice v. Freeman, 30 Minn. 389, 15 N. W. Rep. 674; Kingsley v. Siebrecht, 92 Me. 23, 42 Atl. Rep. 249.

While it is true that when the memorandum consists of two or more writings parol evidence is inadmissible to connect them, it is also true that when there is a clear reference in one of such writings, which is signed by the party to be charged to the unsigned writing, parol evidence may be admissible to identify the writing referred to. Oliver v. Alabama Gold Life Ins. Co., 82 Ala. 417, 2 South. Rep. 445; Forst v. Leonard, 112 Ala. 296, 20 South. Rep. 587; Freeland et al v. Ritz et al, 154 Mass. 257, 28 N. E. Rep. 226; Beckwith v. Talbot, 95 U. S. 289

The contention of the complainant, appellant here, is that the list of land filed by the owners with their agent for sale, the telegram and letter containing the terms of the contract of sale, considered together constitute sufficient memorandum of the contract to satisfy the statute. The Circuit Judge did not allow this contention and, testing the allegations of the bill by the principles stated, we think he reached a correct conclusion. It is clear that there is no sufficient description of the land in either the telegram or letter. If it should be conceded that the list referred to contains such description, there is no reference whatever to this list in either of the signed papers

and it cannot, therefore, be considered as a part of the memorandum. Without it there is no sufficient description of the property and complainant's case, upon the theory presented, fails because of the insufficiency of the memorandum of the contract upon which it is predicated.

There was therefore no error in the order sustaining the demurrer and dismissing the bill.

The decree will be affirmed.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

BROWNE, C. J., not participating.

ELLIS, J., concurring.—I concur in the conclusion upon the ground that neither the list of property filed with the agent by the defendant nor the telegram nor letter describes the property with sufficient clearness to enable any one to locate it, or identify it.