127 So.2d 903 (1961)
William R. HEFFERNAN, Appellant,
v.
Collie D. KEITH, Appellee.
No. 59-738.
District Court of Appeal of Florida. Third District.
March 13, 1961.
Rehearings Denied April 7, 1961.
James W. Pritchard, Miami, for appellant.
Turner, Hendrick & Fascell, Robert M. Brake, Coral Gables, for appellee.
PEARSON, Judge.
The defendant in a suit for specific performance appeals from a summary final decree for the plaintiff which directed the conveyance of certain real property. The appellant does not argue the propriety of the summary final decree but urges the unenforceability of the deposit receipt contract for the sale of the land because § 725.01 Fla. Stat., F.S.A., which is a part of *904 the Florida Statute of Frauds, requires a contract for the sale of lands to be in writing and signed by the party to be charged. We hold that a telegram, together with certain other documents identified therein, constituted in this case sufficient memoranda to take the transaction out of the statute and therefore we affirm.
It was established without genuine issue that the defendants listed for sale the real property involved with the Miami Land Company, a real estate brokerage firm. Thereafter, there was an exchange of letters between the broker and the defendant regarding the proposed sale of the land, which letters were introduced in evidence. These letters established that the defendant gave to the broker the legal description of the property and his asking price of $10,000 net to the seller. In addition, the defendant gave certain terms for deferred payments which he would be willing to accept. The broker obtained a deposit receipt from the plaintiff agreeing to purchase the property in question for $11,000, which included a real estate brokerage commission of $1,000. The contract also provided for payment upon a deferred payment schedule somewhat different from that authorized by the defendant in his letter. In addition, the proposed agreement contained other provisions for the furnishing of an abstract and the proration of taxes, insurance and charges. The broker then telephoned the defendant stating that he had a written offer signed by the plaintiff and the broker read the deposit agreement to the defendant over the telephone. The defendant sent to the broker a telegram, which reads as follows: "Accept $10,000 net for five acres 125th Avenue deal to close by March 9th". The broker, by affidavit, identifies the acceptance contained in the telegram as a specific response to the broker's request that the defendant send a telegram confirming acceptance of the transaction contained in the deposit receipt agreement, which was read to him on the telephone.
The defendant urges that the telegram is not sufficient as a memorandum of the transaction because it does not, by its terms, refer with sufficient definiteness to the deposit receipt which contains the agreement sought to be enforced. The telegram referred to a transaction which the defendant denoted as the "125th Avenue deal" and which he described as involving a payment of $10,000 net to him. The identification of the instant sale, as being the same transaction referred to in the telegram, was not challenged by affidavit or otherwise. This does not obviate the fact that the connecting link between the telegram and the deposit receipt is the oral testimony of the broker as contained in his affidavit. However, the defense of the statute of frauds is to be affirmatively pleaded and established. In an instance such as the record here revealed, where the defense is that the memorandum of the contract sought to be enforced is so uncertain and indefinite as to be unenforceable because of the statute, it is incumbent upon the person asserting the defense to demonstrate the indefiniteness or uncertainty. In the instant case, the plaintiff has met the requirements of the statute by presenting a telegram which by its terms refers to a certain proposed contract and the plaintiff has by the oral evidence of the broker established the proposed contract identified in the telegram to be that set forth in the deposit receipt agreement. Since the court had before it documents constituting a memorandum of contract to sell land sufficient to satisfy the statute, the court was not in error in summarily decreeing the performance of the contract absent a prima facie defense. Meek v. Briggs, 80 Fla. 487, 86 So. 271.
The defendant next urges that the telegram was not sufficient under the statute because it was not a signed copy. This contention is unavailing because upon request for admissions the defendant admitted the sending of the telegram and, therefore, admitted the authority of the telegraph company to affix his name thereto. If the writing is unsealed it matters not whether it is signed by the agent for the *905 principal or with the name of the principal by the agent or otherwise. The intent developed is alone material, and when that is ascertained it is conclusive. Cf. Blount v. Tomlinson, 57 Fla. 35, 48 So. 751, 753.
One matter not raised by the briefs must be mentioned in order to prevent a miscarriage of justice by reason of the judgment. The decree provided that in the event the defendant should be married, then the defendant was ordered and directed to deliver a deed in which his wife should join. Inasmuch as the purported wife of the defendant, if he has one, is not a party to this suit, the requirement that she join in a deed is unavailing. As to that provision the decree is reversed. Van Fleet v. Lindgren, Fla. 1958, 107 So.2d 381.
Affirmed in part and reversed in part and remanded.
HORTON, C.J., and ODOM, ARCHIE M., Associate Judge, concur.