282 So.2d 640 (1973)
Erben SCOTT and Margaret Scott, Appellants,
v.
ANCHOR INN APARTMENTS, INC., a Corporation, et al., Appellees.
No. R-480.
District Court of Appeal of Florida, First District.
September 13, 1973.
S. Thompson Tygart, Jr., Jacksonville, for appellants.
Judson Freeman, Freeman, Richardson, Watson, Slade, McCarthy & Kelly, Jacksonville, for appellees.
PER CURIAM.
Appellants seek reversal of a final judgment entered at the end of the plaintiffs' evidentiary case dismissing their action for specific performance of an alleged oral contract.
The alleged contract sought to be enforced related to the number of shares or porportionate ownership that plaintiffs were entitled to in a real estate venture with plaintiff's brother and his wife.
Following the taking of testimony, the trial court ruled that the evidence as to the respective amount of stock or interest in the venture that each brother and his wife were to have was so conflicting that the plaintiffs had failed to establish the existence of the contract that plaintiffs alleged in their complaint. In essence, the plaintiffs' evidence was to the effect that they were to have forty-nine percent of the corporate stock and the appellees fifty-one percent, whereas the tenor of the appellees' evidence given as an adverse witness for the plaintiffs was that appellant Erben Scott was to receive four shares as compared to five shares for each for appellees Allen Scott and his wife, Gloria. The evidence revealed that Erben contributed $2,000.00 for the four shares issued to and received by him and that he loaned the corporation $10,500.00 for which he received a corporate note which has since been paid on his demand. Appellant and his wife also signed the long-term notes and mortgage which financed the corporation's acquisition of the realty, as did the appellees.
The trial court being confronted with this critical factual conflict correctly declined to grant specific performance. That result is consistent with the rule announced in Humphrys v. Jarrell, Fla.App., 104 So.2d 404, 410, viz:
"... Specific performance is an equitable remedy and is not granted as a matter of right or grace but as a matter of sound judicial discretion vested in the *641 chancellor governed by principles of law and equity applicable to the particular facts or circumstances. The exercise of this discretion by the chancellor must be legally sound and not arbitrary. Moreover, the granting of a final decree in a specific performance suit requires that the proof be clear, competent, and satisfactory. This test imposes a greater degree of proof than that required under the preponderance of evidence rule... ."
It is obvious that the trial judge did not find that the essential elements necessary to authorize specific performance had been proved with that degree of clarity and certainty to justify granting the relief sought.
Accordingly, the judgment reviewed herein is affirmed.
CARROLL, DONALD K., Acting C.J., and WIGGINTON and SPECTOR, JJ., concur.