PER CURIAM.
The plaintiff appeals a final judgment denying specific performance of his con *41 tract with appc,.— .or the sale and purchase of real property. Appellant was the purchaser, and in both the circuit court and this court he has maintained that the contract is clear and unambiguous. The trial judge found:
“Apparently from the actions of the parties, one side was insisting on the performance of that particular requirement and the other side apparently felt they had performed as best as they could by writing letters and getting turned down from the adjoining property owners. It seems to me that at that particular point, the . . . purchaser had an option to either take the property at that point or to demand his deposit back. This wasn’t done and it wasn’t until several months later that he finally decided to take the property as is and failed, from all the circumstances, that he waited too long to decide on that option.
“Therefore, the specific performance will be denied and affirmative relief for the cancellation of the deposit receipt as being a cloud on the title will be granted.”
Our review of the record convinces us that the trial judge reached the proper decision upon the facts before him. We therefore affirm. See Lasseter v. Dauer, Fla.App.1968, 211 So.2d 584 and Straub v. Clark, Fla.App.1971, 244 So.2d 763.
Because of appellant’s argument that this cause is governed entirely by the holding in Black v. Clifton, Fla.App.1973, 284 So.2d 465, we feel that it is incumbent upon us to point out the reason that the Black holding is not applicable here. That case stands for the general proposition that a purchaser, having chosen to accept the fact that there was no ingress or egress to the property, was entitled to specific performance with an appropriate abatement in the purchase price. We do not depart from that holding because in this case the appellant purchaser did not make the elec-tion to take the land without the ingress or egress until long after the defect was determined to be unremediable. The trial court properly found that the contract had expired by its own terms.
Affirmed.