338 So.2d 1076 (1976)
HI-ACRES GROVES, INC., et al., Appellants,
v.
E. Pope BASSETT, Trustee, et al., Appellees.
No. 75-475.
District Court of Appeal of Florida, Fourth District.
August 31, 1976.
David J. Fuller, George T. Eidson, Jr., Akerman, Senterfitt, Eidson & Wharton, and William B. Mesmer, Mesmer & Robbinson, Orlando, for appellants.
Charles R. Fawsett and Patrick A. Thompson, Johnson, Motsinger, Trismen & Sharp, P.A., Orlando, for appellees.
DOWNEY, Judge.
We have for review a final judgment granting specific performance of a contract to sell real property in Seminole County, Florida. After a lengthy hearing, the trial judge entered an exhaustive comprehensive final judgment in which he set forth his analysis of the testimony and documentary evidence and his findings and conclusions of law. The final judgment states:
"WHEREFORE, at long last, and after considering all the matters and issues framed by the pleadings and urged and argued by counsel, the court finds that the plaintiff has sustained the material allegations of his complaint by the greater weight of the evidence and that the greater weight of the evidence fails to sustain any legally sufficient defense asserted in the defendant's answer and that the equities of the cause are with the plaintiff and against the defendants and the plaintiff is entitled to specific performance of the contract in question."
*1077 The rule in Florida is well established that in a suit for specific performance of a contract for the sale of realty the plaintiff must do more than prove his case by a preponderance of the evidence; he must prove his case by competent and satisfactory proof which must be clear, definite, and certain. Miller v. Murray, 68 So.2d 594 (Fla. 1953); 29A Fla.Jur., Specific Performance, § 151. As the court stated in Humphrys v. Jarrell, 104 So.2d 404, 410 (Fla.2d DCA 1958):
"... the granting of a final decree in a specific performance suit requires that the proof be clear, competent, and satisfactory. This test imposes a greater degree of proof than that required under the preponderance of evidence rule."
Thus it appears that the trial judge utilized the wrong quantum of proof in determining whether appellee should recover.
We could appropriately reverse the judgment on that basis and remand the case for a new trial. However, during the trial of this case (which trial began November 25, 1974, and ended December 4, 1974) the contentions of the parties were adequately explored in the evidence adduced. It would appear from the thorough treatment in the 20 page final judgment that the trial judge would be in a position to determine whether or not the proof was sufficient to meet the required burden of proof.
Accordingly, we temporarily relinquish jurisdiction of the cause to the trial court for a period of thirty days with the directions that the court reconsider the evidence and determine whether the appellee has sustained the material allegations of his complaint by competent and satisfactory proof which is clear, definite, and certain. Upon making that determination the trial court is requested to advise this court of his finding in a written order.
Remanded with directions.
SCHULZ, GEORGE E., Associate Judge, concurs.
WALDEN, J., concurs in part, dissents in part, with opinion.
WALDEN, Judge (concurring in part; dissenting in part):
I concur in the majority decision that the trial court employed the wrong measure of proof in deciding the issue.
I dissent from the majority decision to temporarily relinquish jurisdiction to the trial court to have the old evidence assayed in light of the correct rule which this court now announces.
In my opinion the judgment must be reversed and the cause remanded for a new trial.
The cases are uncountable in the Reporter System where the trial court commits a fundamental harmful error causing a new trial. While expediency is a desirable goal, I think it most harmful precedent, regardless, to simply send the case back and give the trial court a fresh and successive bite at the apple, based on the same record. Is it possible for the trial court to recall all the criteria and circumstances existent when the evidence was freshly presented and now assay it from the printed record using a different measure? I don't think so.
If the majority method is correct, then there never need be a new trial, at least in non-jury cases. An appellate court simply directs the trial court to reconsider in light of the appellate advice and see if the trial court result would still be the same. While at first blush this may seem reasonable, a deeper consideration would, I feel, reveal that such procedure would afford a lesser degree of justice.
Repeating, I would reverse and remand for a new trial.