355 So.2d 863 (1978)
Genise Tatum BINNINGER, Appellant,
v.
Colin F. HUTCHINSON, Appellee.
No. FF-153.
District Court of Appeal of Florida, First District.
March 8, 1978.
*864 Earl R. Duncan and William F. Daniel of Cotten, Shivers, Gwynn, Daniel, Kelley & Arrington, Tallahassee, for appellant.
J. Robert Hughes of Barron, Redding, Boggs & Hughes, Panama City, for appellee.
ERVIN, Judge.
Binninger appeals a judgment granting specific performance to Hutchinson, the intended purchaser, based upon an oral agreement for the conveyance of real property. Binninger was the owner of improved property in Bay County, Florida, which Hutchinson was interested in buying. Binninger was then living in Houston, Texas. There is a conflict of testimony, which the trial court resolved against Binninger, as to whether an agreement was reached between the parties. While Mrs. Binninger stated no bargain was struck, Hutchinson testified that during a long distance telephone conversation, she agreed to sell him the property for $15,000, provided he pay her $10,000 and give her an installment note for the remaining $5,000. Hutchinson stated Mrs. Binninger told him that upon his making the above payment, the property was his.
Following the conversation, Hutchinson forwarded a warranty deed, mortgage, note and a check in the amount of $2,000 payable to "Genise Tatum Bissonett." The named payee was an obvious error. Bissonett was the name of the street where Binninger resided. Upon receipt of the check she attempted to call Hutchinson to advise him she was not selling the property, but without success. When she later discovered Hutchinson had taken possession, and was making substantial improvements, she returned the check uncashed to her attorney, who also attempted to contact Hutchinson, but, being unable to, left a message for Hutchinson to call him. Hutchinson finally contacted Mrs. Binninger within one or two months after receipt of the papers by her.
When further negotiations between the parties failed, Hutchinson brought an action seeking specific performance of the oral contract, or in the alternative, seeking an equitable lien upon the property for money expended for improvements. The court found the parties entered into an oral agreement for the sale of the property for a price of $15,000. The prayer for specific performance was granted and the property conveyed to Hutchinson upon payment of $15,000 together with accrued interest. We reverse.
Binninger argues (1) an oral agreement was never reached, and (2) the Statute of Frauds, Section 725.01, Florida Statutes (1975), bars Hutchinson from relief. *865 Hutchinson responds there was competent substantial evidence for the trial court to determine the contract had been formed between the parties and since proof of both possession and payment of some part of the consideration was made, partial performance of the agreement was made, thus bringing into operation the partial performance exception to the Statute of Frauds. Cottages, Miami Beach v. Wegman, 57 So.2d 439, 441 (Fla. 1951). Before the partial performance exception may be applied, delivery of possession must be made pursuant to the terms of the contract and acquiesced in by the other party. Tate v. Jones, 16 Fla. 216, 243 (1877). Even construing the conflicting testimony in Hutchinson's favor, as we must, we find no evidence entitling him to possession of the property. His possession was known to Mrs. Binninger only after she received the deed, mortgage, note and check and after she was told by relatives Hutchinson was making improvements upon the property. Hutchinson's proof concerning Mrs. Binninger's acquiescence to his possession was hardly clear and positive. Before a plaintiff may be allowed to give evidence of a contract for the sale of land not in writing, it is essential that he establish by clear and positive proof, acts which take the contract out of the statute. Maloy v. Boyett, 53 Fla. 956, 43 So. 243, 246 (1907). The statement attributed by him to Mrs. Binninger, that after he paid $10,000 down and gave her a note for $5,000 the property was his, cannot be reasonably relied upon by Hutchinson as acquiescence for him to move onto the property without title and begin extensive improvements. The oral agreement was within the Statute of Frauds and unenforceable.
Additionally we find Hutchinson's forwarding of a $2,000 check, rather than the $10,000 which even he said was agreed upon by the parties, was a material variation of the agreement, so as to be no more than a counter-offer. As stated in the robust prose of Judge Boyer:
"It is `hornbook law' requiring no citations of authority, except common sense, that a contract once entered into may not thereafter be unilaterally modified; subsequent modifications require consent and `a meeting of the minds' of all of the initial parties to the contract whose rights or responsibilities are sought to be affected by the modification." Tropicana Pools, Inc. v. Boysen, 296 So.2d 104, 108 (Fla. 1st DCA 1974).
While Hutchinson's action for specific performance is not supported by the evidence, we think it appropriate for the cause to be remanded to the trial court for consideration of Hutchinson's claim for an equitable lien upon the property.
REVERSED AND REMANDED for further proceedings not inconsistent with this opinion.
BOYER, Acting C.J., and MILLS, J., concur.