379 So.2d 185 (1980)
Julian A. PARRISH, Ottis C. Parrish, Ray G. Dennis, and Elsie Dennis, Appellants,
v.
Thomas SWEARINGTON, Appellee.
No. OO-144.
District Court of Appeal of Florida, First District.
January 29, 1980.
Bill A. Corbin, Blountstown, for appellants.
Steven Seliger, Tallahassee, for appellee.
PER CURIAM.
The appellant, Julian A. Parrish a registered real estate broker, and his wife, Ottis C. Parrish, owned, by the entireties, a large tract of land in Calhoun County, Florida. In August of 1977, the appellee, Thomas Swearington, entered into an oral agreement with the appellant, Julian Parrish, to purchase a portion of said land and, pursuant to the agreement, Swearington made a down payment of $240, moved his family onto the property where they have continuously resided, and made monthly payments of $49.78 towards the purchase price. Julian and Ottis Parrish subsequently sold to Ray G. Dennis and Elsie Dennis a large tract of land which included the land occupied by Swearington. The trial judge found that Swearington was entitled to specific performance of his oral agreement and ordered the appellants, Julian A. and Ottis C. Parrish, to execute a writing setting forth the terms of said agreement.
It is well-established law in Florida that a husband and wife owning property in an estate by the entireties must join in any conveyance thereof. Neither spouse alone can do anything to alter the tenancy of identifiable property held by the entireties. *186 Although it is true that the estate held by spouses in an estate by the entireties is one per tout et non per my, they are still two owners of the property, and both must join in a conveyance of it and since an estate by the entireties is vested in husband and wife as one person, neither spouse can sell, forfeit or encumber any part of the estate without the consent of the other, nor can one spouse alone lease it or contract for its disposition. 17 Fla.Jur., Husband and Wife, § 27, pp. 86-87.
The record before us will not support the circuit judge's finding that "an oral agreement exists between plaintiff and defendants, Julian A. and Ottis C. Parrish ..." There is an absence of competent substantial evidence that Ottis Parrish was a party to, participated in, or was aware of the agreement between her husband and the appellee. The challenged order, if it is to survive, must find support in some theory of law other than joinder of spouses in conveyance of jointly held property. The principle of estoppel may be invoked against a married woman who knowingly permits her husband to manage or control her property, or allows him to deal with it so as to induce others to believe that he is acting as her authorized agent. 17 Fla.Jur. Husband and Wife, § 38. The instant record is not demonstrative of such a relationship however as evidenced by the Parrishes' denial of any such arrangement and the appellee's inability to produce evidence to the contrary:
Q. (By Mr. Corbin) Do you have any information to offer the court concerning this alledged (sic) agency agreement between Julian and Otis (sic)?
A. (By Swearington) No, sir.
Q. You have no other information to supply the court?
A. No.
Q. Do you have any similar information concerning an agency agreement between Julian Parrish and Jerry C. Parrish?
A. No, sir.
Q. Do you have any information to offer the court concerning the same type agency agreement between Julian Parrish and Norma B. Parrish?
A. No, sir.
Q. Do you know anybody that has any information concerning these alledged (sic) agency agreements?
A. No, sir.
We are unable to find in the present record any competent evidence that will support a finding that Ottis Parrish joined with her husband in an oral agreement to convey jointly owned property. We are also unable to find any basis for departing from the general law of Florida which precludes one spouse from conveying property held by the entireties without the consent of the other spouse. The order is accordingly reversed and the cause is remanded to the circuit judge for further consideration in light of this opinion thereby rendering moot the remaining issues.
ERVIN, SHAW and WENTWORTH, JJ., concur.