383 So.2d 1131 (1980)
Jerome UNATIN and Louis Unatin, D/B/a J & L Enterprises, a Co-Partnership in the State of Florida, Appellants,
v.
Oscar HUDON, Individually, and Holiday Village, Inc., a Florida Corporation, Appellees.
Robert De Jaeger, Rejane De Jaeger, Rene De Jaeger and Andre De Jaeger, Counter-Defendants.
No. MM-215/T1-25.
District Court of Appeal of Florida, Fifth District.
May 21, 1980.
*1132 Isham W. Adams, Daytona Beach, for appellants.
Nicholas A. Caputo, Holly Hill, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a final judgment of the Circuit Court for Volusia County granting specific performance of a lease between appellants, Jerome and Louis Unatin, and appellees, Oscar Hudon, individually, Holiday Village, Inc., a Florida corporation, and Robert de Jaeger, ReJane de Jaeger, Rene de Jaeger, and Andre de Jaeger. Mr. Hudon sued for declaratory judgment to determine the rights of the parties in relation to a lease agreement which had been executed by the parties and one which had not been executed. He also sought specific performance of the unexecuted lease. The Unatins counterclaimed asking the court to adjudicate the rights of the parties under both leases and to grant other relief.
The Unatins were the owners of two mobile home parks located in Volusia County known as Holiday Park and Life Park. Mr. Hudon and Holiday Village, Inc. were interested in leasing and purchasing the parks. After a period of negotiation, the Unatins had their attorney prepare two contracts each of which contained a lease and an option to purchase a park. The contract covering the Holiday Park was executed but the contract for the Life Park was not. Testimony as to the reasons the Life contract was not executed is conflicting. The court resolved the conflict in favor of Mr. Hudon and Holiday Village, Inc., and found that "... the greater weight of the evidence supports the claim of Mr. Hudon and Holiday Village, Inc.; that the terms of the lease sought to be performed have been clearly established; that Mr. Hudon and Holiday Village, Inc. have been ready, willing and able to perform ..." [Emphasis added]. The court found that Mr. Hudon was entitled to specific performance and required the Unatins to execute a lease equivalent to the unexecuted lease covering the Life Park property.
The first question raised by appellants was whether the court applied the correct standard of proof in granting specific performance of the unexecuted lease and option to purchase the Life Park property. The rule in Florida is well established. In a suit for specific performance of a contract for the sale of realty, the plaintiff must do more than prove his case by a preponderance of the evidence; he is required to prove his case by competent and satisfactory proof which must be clear, definite and certain. Hi-Acres Groves, Inc., v. Pope Bassett, 338 So.2d 1076 (Fla. 4th DCA 1976). See also Miller v. Murray, 68 So.2d 594 (Fla. 1953); Humphrys v. Jarrell, 104 So.2d 404 (Fla. 2d DCA 1958), and cases cited therein. Likewise, see Alexander v. Bess, 123 Fla. 713, 167 So. 533 (1936), in which plaintiff attempted to obtain specific performance of an oral contract to lease land.
The Supreme Court stated:
[W]e find that complainant failed to meet the degree of proof required by this court to enforce performance of an oral contract. This court has repeatedly held that such agreements must be supported by more than a mere preponderance of the evidence. The evidence should be clear, full, and free from suspicion.
Id., 167 So. at 535. See also Scott v. Anchor Inn Apartments, Inc., 282 So.2d 640 (Fla. 1st DCA 1973), in which the court stated that conflicting evidence as to the existence of a contract justified the trial court in denying specific performance of the alleged oral contract. The granting of a final decree in a specific performance suit requires that the proof be clear, competent and satisfactory. Such a test imposes a greater degree of proof than is required under the *1133 preponderance of the evidence rule. Thus, the trial court did err in granting specific performance based on the "greater weight of the evidence" in favor of the appellees' claim.
The second question raised by appellants was whether the court erred in admitting parol evidence to prove the existence of the unsigned Life agreement. Appellees contend that the admission of parol evidence was proper because the Holiday Park and Life Park leases were part of the same transaction and that each lease stands or falls with the other.
Appellees cite Paragraph 24 of the Holiday lease in support of their position:

Interdependent Leases. By this lease and another lease of even date, the Lessor has made three (3) year leases of that certain mobile home trailer park commonly referred to as LIFE MOBILE HOME VILLAGE located at 500 Nova Road, Ormond Beach, Florida, and that mobile home trailer park commonly known as HOLIDAY MOBILE HOME VILLAGE located at 1335 Fleming Avenue, Ormond Beach, Florida. Said leases shall during the original term of three (3) years be regarded as fully interdependent so that a default on one lease shall be regarded as a default on the other lease so that the Lessor will have the right to terminate both leases and pursue other remedies with respect to both leases unless the defaults on both leases are corrected. In the event of a default on one lease, with the other lease being in good standing, the Lessee of the lease not in default shall be notified in writing of the default on the other lease and shall have a period of fifteen (15) days from the date of the notice within which to correct such default. The two leases shall cease to be interdependent upon the expiration of the original term or after the option to purchase provided for in either lease is exercised and the closing of the sale occurs.
When considered in its entirety, this paragraph does not have such an effect; it is triggered only upon a default in either lease. In the event of a default, appellants, the lessors, were given the right to terminate both leases. If the Life lease were never executed, the appellants would have lost a right under the lease but the appellees, the lessees, would have lost nothing. The paragraph has no application unless the appellees had defaulted.
Appellees also contend that the existence of the Life contract can be proved by parol evidence because it was referred to in the Holiday lease. In support of their contention, appellees cite Meek v. Briggs, 80 Fla. 487, 86 So. 271 (1920), in which the Florida Supreme Court held:
When memorandum [under the Statute of Frauds] consists of more than one writing, some of which are signed by the party to be charged and others not signed by him, in order that the unsigned writing or writings may be used to supply [the] essential elements of the contract, there must be some reference to them in the signed writings of such party. While it is true that when the memorandum consists of two or more writings parol evidence is inadmissible to connect them, it is also true that when there is a clear reference in one of such writings, which is signed by the party to be charged, to the unsigned writing parol evidence may be admissible to identify the writing referred to.
Id., 86 So. at 272.
Appellees have taken this rule and have stretched it to cover the situation sub judice in which the writing does not supply an essential element of the Holiday lease but instead would create an entirely new obligation, one to which the parties never evidenced their assent as required by the Statute of Frauds. Section 725.01, Florida Statutes (1977). Before a plaintiff may be allowed to give evidence of a contract for the sale of land not in writing or executed as required by the statute, it is essential that he establish, by clear and positive proof, acts which take the contract out of the statute. Maloy v. Boyett, 53 Fla. 956, 43 So. 243 (1907). Binninger v. Hutchinson, 355 So.2d 863 (Fla. 1st DCA 1978). Here, appellees have failed to do so.
*1134 The portions of the final judgment directing appellants Jerome and Louis Unatin to execute a lease equivalent to the Life Park agreement and requiring appellees, Oscar Hudon and Holiday Village, Inc., to pay the sum of $100,000, the initial payment, are REVERSED.
DAUKSCH, C.J., and ORFINGER, J., concur.