COWART, Judge.
This is an appeal from a judgment of specific performance of an agreement to convey land.
The trial court found that appellant Jerome S. Stecher agreed to convey a 30 foot strip of land to appellee in exchange for a lawnmower and that appellee had fully performed by delivering the lawnmower. The land was jointly owned by appellant Jerome S. Stecher and his wife Florence. The trial court decreed specific performance and ordered both appellants to convey the land to appellee. There is record evidence which the trial court could properly find to be competent, satisfactory, clear, definite and certain[1] and, therefore, sufficient to establish a case for specific performance of a contract for the sale of real property. However, that evidence indicates only an agreement by Mr. Stecher and is insufficient to indicate that in dealing with appel-lee Mr. Stecher was acting with that full specific knowledge, consent and acquiescence of Mrs. Stecher necessary under Murray v. Sullivan, 376 So.2d 886 (Fla. 1st DCA 1979), for a finding that he was acting as her agent. Neither is there sufficient evidence to establish that Mrs. Stecher was estopped to deny that Mr. Stecher was acting for her. See Parrish v. Swearington, 379 So.2d 185 (Fla. 1st DCA 1980); DuPuis v. 79th Street Hotel, Inc., 231 So.2d 532 (Fla.3d DCA), cert. denied, 238 So.2d 105 (Fla.1970).
Appellee is necessarily relegated to his right to recover money damages for breach of the agreement found by the trial court. Therefore, the judgment for specific performance is reversed and the cause remand *740 ed for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. Unatin v. Hudon, 383 So.2d 1131 (Fla. 5th DCA 1980); Hi-Acres Groves Inc. v. Bassett, 338 So.2d 1076 (Fla. 4th DCA 1976); Scott v. Anchor Inn Apartments, Inc., 282 So.2d 640 (Fla. 1st DCA 1973).