HERSEY, Judge.
This is an appeal from a final judgment ordering specific performance of a contract.
Appellant Church as seller and appellee corporation as buyer entered into a purchase and sale agreement which contained the following condition: “This offer is subject to the buyer obtaining rezoning within 6 months from current zoning to R2 Multifamily. If rezoning not granted the buyer has the option to purchase as is.” Other pertinent conditions included a requirement that seller would furnish to buyer within 30 days “from date of contract” a title insurance commitment and closing would take place “within 30 days of rezoning if approved.” The contract was dated May 13, 1978.
On October 23, 1978, seller was advised that additional hearings would be necessary to accomplish rezoning and such hearings would require approximately four to six months. Seller, through its attorney, advised buyer that the option would only be open until November 13, 1978. On November 27, 1978, seller returned the earnest money deposit to buyer noting that the contract period had expired. The following day seller received a letter from buyer stating: “If, however, your congregation does not vote to grant me the extension in January in order to proceed with the city for the zoning change, then I wish to inform you and your congregation that I reserve my rights under the contract to take title, as is, at that time.”
Two additional factual matters deserve mention. Some evidence indicated that seller had led buyer to believe an extension of time would not be out of the question. The complaint, however, contains no allegation that the contract was amended, or that oral representations were made and relied upon nor did the complaint raise any other issue making this evidence relevant and material. The parties conceded that the title insurance commitment was never delivered. Again there is no allegation raising this issue nor does the evidence show that this omission had any effect upon buyer. These paper issues play no part in our determination for the reasons we have indicated.
The trial court held that the option to take “as is” was timely exercised. We disagree. In fact, we think the option was never exercised.
The contract clearly provided that the buyer had six months to obtain rezoning or to exercise the option to take the property “as is.” The buyer did not obtain rezoning during that period nor was there any attempt to exercise the option. Buyer argued and the trial court concluded that the option period did not expire on November 13, 1978. We find no evidence to substantiate a term longer than six months. In Hi-Acres Groves, Inc. v. Bassett, 338 So.2d 1076, 1077 (Fla. 4th DCA 1976), we pointed out:
The rule in Florida is well established that in a suit for specific performance of a contract for the sale of realty the plaintiff must do more than prove his case by a preponderance of the evidence; he must prove his case by competent and satisfactory proof which must be clear, definite, and certain.
The buyer, appellee here, did not meet that burden in attempting to show an option term longer than six months.
Even assuming that the evidence established a period longer than six months, the option was never effectively exercised. *740 The letter relied on by appellee simply indicated an intention to take some action in January if an extension was not forthcoming. Thus on November 29,1978, there was no definitive exercise of the option. Looking into the future we see that the buyer did not even commit himself to exercise the option in January. Buyer simply reserved the right to exercise the option in January without in any way being legally obligated to take the property “as is” unless in January, buyer elected to exercise his “rights under the contract.”
Summarizing, the buyer-appellee has not shown by clear, definite and certain proof that the term of the option was longer than six months. See Hi Acres Groves v. Bassett, 338 So.2d at 1076, and Brown v. Dobry, 311 So.2d 159 (Fla. 2d DCA 1975). The purported exercise of the option on November 28,1978, was not only too late, Pattison v. Reid, 303 So.2d 40 (Fla. 3d DCA 1974), but was also ineffective.
We therefore reverse and remand with instructions to enter final judgment for appellant, voiding the purchase and sale agreement.
REVERSED and REMANDED WITH INSTRUCTIONS.
LETTS, C.J., and DELL, J., concur.