422 So.2d 352 (1982)
Julia E. DOUGLASS, Appellant,
v.
Allen H. JONES and Ann Jones, His Wife, Appellees.
No. 81-1389.
District Court of Appeal of Florida, Fifth District.
November 24, 1982.
*353 Burton J. Green, Cocoa, for appellant.
Edward J. Richardson, of Saxon & Richardson, P.A., and M. Brice Corder, Melbourne, for appellees.
DAUKSCH, Judge.
Appellant, Julia E. Douglass, appeals from a Final Judgment granting the appellees, Allen H. Jones and Ann Jones, specific performance of an "Option to Buy" certain real property owned by the appellant. The appellant contends that the judgment of specific performance is not warranted by the evidence and the lower court erred in granting the remedy.
The appellant and her former husband originally owned the property in question as tenants by the entirety. On May 9, 1976, they agreed to lease the premises to the appellees. The Lease consisted of five pages. The fourth page of the document contained an "Option to Buy" the property. The Lease and the Option to Buy were drafted by the appellant and her former husband and were separately executed by the parties. The term of the Lease extended for a period of one year, from May 20, 1976 until May 20, 1977. Paragraph 9 of the Lease, concerning renewal, provided that:
upon the expiration of the designated term of this lease said Tenant shall have the option to renew this lease on a yearly basis for a period not to exceed two years, provided that said option shall always be exercised in writing no later than sixty (60) days prior to the expiration of the preceding term, including the present term.
*354 The Lease made no reference to the Option to Buy, but the Option to Buy stated: "This Option is an addendum to a valid Lease and is valid only if the Lease is in effect and honored by both parties." The Option to Buy also provided that:
upon the expiration of the designated term of this Option, said tenant shall have the option to renew this option to buy on a yearly basis for a period not to exceed two (2) years, provided that said option to buy shall always be exercised in writing no later than sixty (60) days prior to the expiration of the preceding term, including the present term.
The appellees did not notify the appellant and her husband of their intent to renew the Lease in writing until March 26, 1977 (five days beyond the time required by the Lease). In the letter dated March 26, 1977, the appellees acknowledged that the appellant was not required to renew the Lease and in the event that she chose not to, they requested a month-to-month arrangement. No mention was made of any desire or intent to renew the Option to Buy.
The appellant responded to the appellees' March 26th letter by informing them that she was not willing to renew the original Lease. The appellant acknowledged her willingness to extend the appellees a month-to-month tenancy under the same terms as the original Lease through June 20, 1977 and stated: "In the following 2 months I hope we can agree on and sign a lease that is acceptable to all of us." The appellant also requested the appellees to contact her if her estranged husband attempted to have them sign a lease with him alone.
Thereafter, the appellant received notice that the appellees had executed a Lease Renewal Agreement with her husband. The Lease Renewal Agreement purported to renew the Lease of May 9th, but wrote the appellant out of the agreement. This document was not executed by the appellant and she had not discussed its execution with her husband prior to learning of its execution from the appellees. During this period of time, the appellant and her husband were separated and she was not relying on her husband to manage her affairs.
Based on the Lease Renewal Agreement entered into with the appellant's estranged husband, the appellees sought to exercise the Option to Buy and when the appellant refused, they initiated suit for specific performance of the Option to Buy. The lower court found that a renewal of the Option to Buy was not required to be in writing and granted specific performance.
The appellant asserts that the testimony put on by the appellees did not meet the burden of proof sufficient to support an award of specific performance and we agree. Competent and satisfactory proof that is clear, definite and certain is required, rather than merely a preponderance of the evidence. Unatin v. Hudon, 383 So.2d 1131 (Fla. 5th DCA 1980). The only testimony in the record as to a renewal of any kind refers to the Lease and not the Option to Buy. It is clear that the option to renew the Lease was required to be exercised in writing no later than sixty (60) days prior to the expiration of the original lease term. The only evidence that the appellees offered as to the renewal of the Lease was the appellees' letter of March 26, 1977 and the subsequent Lease Renewal Agreement executed by the appellees and the appellant's husband. The time to exercise the renewal of the Lease expired on March 21, 1977 and the letter of March 26th acknowledged that the appellees had not submitted any prior written notice of their intent to renew the Lease pursuant to the terms of Paragraph 9 of said Lease. Therefore, the March 26th letter and the subsequently executed Lease Renewal Agreement were untimely and ineffective.
Not only was the Lease Renewal Agreement ineffective because it was untimely, it was also ineffective because it was not executed by the appellant. At the time the Lease Renewal Agreement was executed the appellant and her estranged husband's marriage had not yet been dissolved and they held the leased premises as tenants by the entirety. It is well settled in *355 Florida that an estate by the entireties is vested in the husband and wife as one person, and neither spouse can sell, forfeit, or encumber any part of the estate without the consent of the other, nor can one spouse alone lease it or contract for its disposition without such consent. Richart v. Roper, 156 Fla. 822, 25 So.2d 80 (1946); Cooper v. Maynard, 156 Fla. 534, 23 So.2d 734 (1945); Stecher v. Franklin, 405 So.2d 739 (Fla. 5th DCA 1981); Parrish v. Swearington, 379 So.2d 185 (Fla. 1st DCA 1980); Murray v. Sullivan, 376 So.2d 886 (Fla. 1st DCA 1979). An exception to the aforesaid rule is applicable when it is proved by clear and convincing evidence that one spouse, with full knowledge of the facts, constitutes the other spouse as his or her agent, and with such knowledge consents and acquiesces to and in the act of alienation by the agent's spouse so constituted; but this exception is applicable only if the separate transfer does not adversely affect the interest of the spouse for whom the other spouse is claimed to have acted as agent, and only if such separate transfer occurs with the assent of the spouse for whom the other spouse acted. Murray v. Sullivan, 376 So.2d 886, 889 (Fla. 1st DCA 1979). The factors which would make the exception applicable to effectuate a transfer by only one spouse were not proved by clear and convincing evidence in the instant case.
Although the appellees were allowed to remain on as month-to-month tenants, and the appellant indicated that she was willing to renegotiate a new lease, it appears that the terms of the original Lease terminated. Since the Lease was not timely renewed pursuant to Paragraph 9, and the Option to Buy, by its own terms, was dependent upon the validity of the Lease, the Option to Buy terminated when the Lease expired. The terms of the Lease continued in definition of the tenancy itself, but the Option to Buy expired when the written Lease terminated. Gower-Goheen Realty, Inc. v. Braun, 215 So.2d 499 (Fla. 2d DCA 1968). Moreover, the facts of the case do not form an equitable basis for permitting the appellees to exercise the Option to Buy. See Ledford v. Skinner, 328 So.2d 219 (Fla. 1st DCA 1976). Therefore, the order granting specific performance is reversed.
The appellant's Motion for Attorney's Fees on appeal is denied because it is based on the contention that the terms of the Lease provide for such fees. We have already determined that, other than in definition of the tenancy itself, the terms of the Lease expired. Therefore, the right to attorney's fees under the Lease extinguished.
REVERSED.
ORFINGER, C.J., and FRANK D. UPCHURCH, J., concur.