PER CURIAM.
Appellant Gary C. Lindros brought an action for specific performance of a contract for the purchase of an oceanfront condominium. At the conclusion of Appellant’s case in chief, the trial court granted Appellees’ motion for dismissal on the basis that “the plaintiffs proofs failed to satisfy the requirements of the Statute of Frauds, § 725.01, Florida Statutes, in that the plaintiff failed to show that the defendants signed the documents alleged to constitute such a contract, or the plaintiff failed to show that defendants’ names were signed thereto by a person authorized to sign their names for them.” We agree with Appellant that the trial court erred as a matter of law, and therefore reverse.
We hold that the aggregated documents in the record, including an extension agreement signed by Appellant and Appel-lee Marjorie Backus after a power of attorney was executed authorizing her to sell the condominium, satisfy the requirements of section 725.01, Florida Statutes. See Heffernan v. Keith, 127 So.2d 903 (Fla. 3d DCA 1961)(holding that a telegram, together with other documents, constituted a sufficient memorandum to satisfy the statute of frauds for the sale of land).
REVERSED and REMANDED for further proceedings.
WEBSTER, PADOVANO and POLSTON, JJ., concur.